No. 14663

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

JOHN LINDELL, JON D. VICHE, and
ALASKA PACIFIC ASSURANCE COMPANY,
an Alaska corporation,

      Plaintiffs and Respondents,

  -vs-

ROBERT E. RUTHFORD,

      Defendant and Appellant and Third
      Party Plaintiff,

  -vs-

UNITED SERVICES AUTOMOBILE,

      Third Party Defendant.

---

Appeal from: District Court of the Fourth Judicial District,
     Honorable John B. McClernan, Judge presiding.

Counsel of Record:

  For Appellant:

    Milodragovich, Dale & Dye, Missoula, Montana
    Edwin C. Daue argued, Missoula, Montana

  For Respondents:

    Garlington, Lohn and Robinson, Missoula, Montana
    Gary Chumrau argued, Missoula, Montana

    Doug Austin, Superior, Montana

---

       Submitted: June 7, 1979

        Decided: AUG - 9 1979

Filed: AUG  9 1979

*Thomas J. Kearney*
          Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by an insured under a general liability and comprehensive personal insurance policy from a judgment in favor of his insurer in the District Court of Mineral County.

The facts indicate that on May 19, 1977, Joseph Ruthford, the son of the named insured Robert Ruthford, was driving his father's pickup looking for horses, some of which were owned by his father. While searching for the horses in an off-road area, the pickup became stuck in the mud. A logging skidder was parked nearby which, unknown to the son, had been drained of oil. The son started the skidder and moved it near the pickup. Meanwhile, a third party had contacted the father by CB radio and the father had arrived with a logging chain. A third person attached the logging chain to the pickup and skidder. The father stood by and watched his son tow the pickup out of the mud. Thereafter, the son returned the skidder to the place he originally found it.

The engine of the skidder was severely damaged because there was no oil in it.

The owners of the skidder and their insurer filed a damage action against the father seeking recovery of repair costs, loss of income and exemplary damages. The father answered denying liability. He also filed a third-party complaint against his insurer, United Services Automobile Association, which is the subject of this appeal. The father's third-party complaint alleged in substance that any liability on his part to the owners of the skidder was covered by his insurance policy. Therefore, he alleged, his insurer was obligated to defend the damage action brought

against him and to pay any damages recovered by the skidder's owners.

Following pretrial discovery, the insurer moved for summary judgment on the father's third-party complaint on the basis of policy exclusions. The District Court granted summary judgment to the insurer and dismissed the third-party complaint. The father appeals.

Although the issues on appeal are stated differently by each party, the substance of the controversy is whether the insurance policy provides coverage under the facts of this case. The insured father claims coverage under the omnibus insuring agreement and definitions in the policy and denies that any policy exclusions eliminate that coverage. On the other hand, the insurer claims a specific exclusion in the policy eliminates coverage.

The complaint by the owners of the skidder against the father alleges two bases of liability: (1) that the father "cooperated with, assisted, and ratified the acts of his son" which benefited him by removing his pickup from the mud, and (2) that the son was acting as agent of his father so that the son's wrongful acts were imputed to his father.

The basic insuring agreement in the policy provides:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage . . . and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if the allegations of the suit are groundless, false or fraudulent . . ."

The policy defines "persons insured" in pertinent part as:

"The named insured and, if residents of the named insured's household, his spouse, the relatives of either, and any other person under the age of 21 in the care of any insured; but

with respect to any . . . vehicle, not owned by any such insured, only while using or having custody or possession of such . . . vehicle with the permission of the owner . . ."

The policy exclusion on which the insurer relies provides:

"This coverage does not apply:

". . .

"(j) to property damage to . . . (2) property occupied or used by the insured or rented to or in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control . . ."

The first basis of liability alleged by the skidder's owners against the father is that the father cooperated with, assisted and ratified the wrongful acts of his son. This allegation is based upon the father's personal wrong-doing rendering him a joint tortfeasor with his son. Accordingly, the father as the named insured under the policy would be covered for his own wrongdoing unless the policy exclusion eliminates coverage.

The skidder was not personally used by the father, rented by him, in his care, custody or control, nor was the father exercising physical control over it. Thus the exclusion would not eliminate coverage for any personal wrong-doing by the father.

This brings us to the crux of this appeal. The second basis of liability alleged by the skidder's owners against the father is that his son was his agent; that the son's wrongful acts are imputed to the father under the principle of respondeat superior; and that the father is liable by reason of his son's wrongful acts.

It is agreed that the son was a member of his father's household, under the age of 21, and in the care of his

-4-

father, the named insured. This would qualify the son as one of the persons insured were it not for the second clause in that policy provision set forth above, viz., "but with respect to any . . . vehicle not owned by any such insured, only while using or having custody or possession of such . . . vehicle with the permission of the owner . . ." It is admitted that the son was not using the skidder, nor did he have custody or possession of it, with the permission of any of its owners. Thus, the son is not an insured under the facts of this case.

Because the son is not an insured under the policy, the coverage exclusion would not ordinarily apply. The exclusion applies only to property used, rented to, in the care, custody, or control of "the insured" or which "the insured" is for any purpose exercising physical control.

However, here the insurer contends that the son was his father's agent and the son's use, possession and physical control of the skidder were legally those of his father who is liable for his son's wrongful acts. The basis of this contention is the doctrine of respondeat superior or the imputed liability of the principal for the acts of his agent. Hence, according to the insurer, the policy exclusion becomes operative and eliminates coverage.

We have not previously decided this issue. The courts of other states are divided. An example of a case holding no exclusion of coverage under similar facts is the decision of an intermediate appellate court of Washington in Holter v. National Union Fire Insurance Company (1969), 1 Wash.App. 46, 459 P.2d 61. There it was held that because the policy definition of an insured did not include the employee who caused the damage, the care, custody and control exclusion

did not apply. The reasoning of the Washington court was that the provisions of an insurance policy should be interpreted in the way it would be understood by the average man purchasing insurance. Hence, where the policy definition of "insured" included executive officers, directors and stockholders but did not list employees, the exclusionary clause would be interpreted most strongly against the insurer and coverage would be afforded.

An example of a contrary result is the decision of the Oregon Supreme Court in Crist et al. v. Potomac Insurance Company (1966), 243 Or. 254, 413 P.2d 407. There the court held that "care, custody and control" exclusion applied to an employee of the insured relieving the insurer of any duty to defend the action or indemnify the insured in the amount of the settlement. The reasoning of the Oregon court was based on agency principles rendering the acts of the employee those of his employer, the insured.

We hold that the exclusionary clause does not eliminate coverage here. The insurer has the duty to defend and indemnify the insured for any damages for which the insured is liable within the policy limits. We reach this result by interpreting the policy in the way it would be understood by an average man purchasing insurance. Holter, supra.

An insurance policy is to be interpreted as a whole in the entirety of its terms and conditions. Section 33-15-316 MCA. So construed, the language of the policy is ambiguous as applied to the facts of this case. In such case the construction most favorable to the insured should be adopted. Atcheson v. Safeco Insurance Company (1974), 165 Mont. 239, 527 P.2d 549. Such construction applies particularly to exclusionary clauses. Johnson v. Equitable Insurance Co.

-6-

(1963), 142 Mont. 128, 381 P.2d 778. Applying these principles we hold that the enlargement of the exclusionary clause to encompass the use, possession and physical control of an alleged agent of the insured is unwarranted and lacks merit.

We have examined the peripheral arguments and authorities cited by respondent and find that none would change our result in this case.

The summary judgment is vacated. The cause is remanded to the District Court for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices