No. 83-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

TRUCK INSURANCE EXCHANGE,
a reciprocal or interinsurance
exchange,

Plaintiff and Appellant,

-vs-

MARIE WOLDSTAD, Individually,
and as Administratrix of the Estate
of RICHARD C. WOLDSTAD, HYDRO-FLAME,
a Utah corporation, and ACTION SALES,
INC.,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Morrow, Sedivy & Bennett; Lyman H. Bennett, III,
argued and Terry Schaplow argued, Bozeman,
Montana

For Respondents:

Goetz, Madden & Dunn; William Madden argued for
Woldstad, Bozeman, Montana
Landoe, Brown, Law Firm; Randy Dix argued for
Hydro-Flame, Bozeman, Montana
Leaphart Law Firm; William Leaphart argued for
Action Sales, Helena, Montana

---

Submitted: June 19, 1984

Decided: September 12, 1984

Filed: SEP 12 1984

Ethel M. Harrison

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from a summary judgment of the Gallatin County District Court. Truck Insurance Exchange, plaintiff in a declaratory judgment action below and appellant here, challenges the District Court's interpretation of an insurance contract issued by appellant to Action Sales, Inc. The court found coverage effective for post-expiration injury where the defective product was sold while the policy was still in force. The court ordered payment of judgment and attorney fees. We affirm.

In June 1976 Richard Woldstad purchased a pickup-mounted camper from Action Sales, Inc. (Action). The camper was equipped with a propane furnace designed, manufactured and sold by Hydro-Flame Corp.

On March 3, 1980, Richard Woldstad was using the camper in the vicinity of Manhattan, Montana. The camper exploded and Woldstad sustained injuries which caused his death on March 9, 1980.

At the time Woldstad purchased the camper from Action, Action was insured by Truck Insurance Exchange (Truck) for damages arising out of an occurrence such as that which caused Woldstad's death. After the purchase but prior to the accident, the coverage was canceled.

Marie Woldstad (Woldstad), individually and as personal representative of the estate of Richard C. Woldstad, filed a wrongful death suit against Action and Hydro-Flame. Action attempted to tender defense of the suit to Truck. Truck declined coverage and refused to defend. Action defended the suit and later informed Truck of a settlement offer made by Woldstad. At that time, Action demanded Truck either settle

2

within the policy limits or unconditionally assume Action's defense. Truck informed Action that Truck would neither respond to the settlement offer nor assume Action's defense. Later, Action informed Truck that Action intended to enter into a consent judgment with Woldstad in the amount of $225,000 with a covenant not to execute and asked Truck if it had changed its position. Truck did not respond. Action then entered into an agreement for entry of consent judgment with Woldstad for $225,000.

Nearly nine months later the District Court ruled on Woldstad's and Truck's cross-motions for summary judgment, holding the policy issued by Truck to Action covered the claims brought against Action by Woldstad. Woldstad then moved for summary judgment against Truck to compel payment of the consent judgment. Action joined in Woldstad's motion and further sought attorney fees and costs.

On November 10, 1983, the District Court ordered Truck to pay the consent judgment. Six days later Truck appealed, and this Court remanded the matter to the District Court for a hearing on the issue of fees. On December 21, 1983, the District Court ordered Truck to pay Action $2,446.65 in attorney fees and costs. Truck now appeals, and the following issues are raised:

1. Does the policy issued by Truck to Action provide coverage for a product sold during the term of coverage when the product causes injury after the policy has expired?

2. If there is coverage, is Truck legally obligated to pay Action's attorney fees and costs with regard to this matter?

3

The first issue to be addressed is whether the policy issued by Truck provided coverage for damages for a product sold during the term of the coverage when the product caused injury after the policy had expired. Under the circumstances of this case, we affirm the ruling of the District Court that the policy issued by Truck provided coverage for such damage.

It is undisputed that at the date of the sale of the camper there was coverage in effect which applied to the type of claims asserted by Woldstad. Truck maintains, however, that the policy clearly limits their liability to damages which occur during the policy term. Respondents argue that there is no clear limiting language and that the terms of the policy are at best ambiguous and, therefore, must be construed in their favor. The District Court found the policy ambiguous, held for respondents, and we affirm both the holding and the reasons for that holding.

The critical portions of coverage at issue here are those relating to completed operations hazard and products hazard.

"Completed Operations Hazard" is, in part, defined as follows:

> "(d) 'Completed Operations Hazard' in-
> cludes bodily injury and property damage
> arising out of operations or reliance
> upon a representation or warranty made at
> any time with respect thereto, but only
> if the bodily injury or property damage
> occurs after such operations have been
> completed or abandoned and occurs away
> from premises owned by or rented to the
> named insured. 'Operations' include
> materials, parts or equipment furnished
> in connection therewith.

"Products Hazard" is defined as:

> "'Products hazard' includes bodily injury
> and property damage arising out of the

named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others."

"Bodily Injury" is defined in the policy as follows:

"'Bodily Injury' means bodily injury, sickness or disease, <u>including</u> <u>death</u> <u>at</u> <u>anytime</u> resulting therefrom, sustained by any person." (Emphasis added.)

There is no language in the above definitions which provides that the damage must occur while the policy is in force.

Truck argues that the section of the policy entitled "General Conditions; Applicable to Entire Policy" states that the policy applies only to bodily injury or property damage occurring during the policy period. We find, however, as did the District Court, that this section does not apply to the portions of the policy dealing with products hazard and completed operations hazard coverage because the general limiting language states ". . . except as otherwise provided herein." The policy provides otherwise in the sections dealing with products hazard and completed operations hazard by not specifically limiting the coverage therein.

Truck also maintains that a clause in the policy limits "liability for all damages arising out of the products hazard and completed operations hazard during the twelve-month period beginning with the effective date of such coverage provided the bodily injury or property damage occurs while the policy is in force. . . ." This limiting language specifically applies only to coverage "C, D, E" of the policy, and neither products hazard nor completed operations hazard are contained in parts C, D or E of the policy.

5

The hazard clauses specifically provide coverage for future injury arising from product sales. The act giving rise to liability occurred when the camper was sold and while the policy was admittedly still in force. While an insurer may limit its liability in this area, the limiting language must be clear and unambiguous. The provisions of this policy with regard to products hazard or completed operations hazard coverage and the sections dealing with policy limitations, taken as a whole, are ambiguous. It is the rule of construction in Montana that language of limitation or exclusion must be clear and unequivocal; otherwise, the policy will be strictly construed in favor of the insured. Terry v. National Farmers Union Life Insurance Co. (1960), 138 Mont. 333, 356 P.2d 975; Atcheson v. Safeco Insurance Co. (1974), 165 Mont. 239, 527 P.2d 549; Fassio v. Montana Physicians' Service (1976), 170 Mont. 320, 553 P.2d 998; Lindell v. Ruthford (1979), 183 Mont. 135, 598 P.2d 616; Northwestern Nat. Cas. Co. v. Phalen (1979), 182 Mont. 448, 597 P.2d 720.

II

The second issue is whether Truck is obligated to pay Action's attorney fees and costs with regard to this matter. We have held that an insurer's breach of contract, in this case refusal to defend, renders the insurer liable for the defense costs resulting from the breach. Home Insurance Company v. Pinski Brothers, Inc. (1972), 160 Mont. 219, 500 P.2d 945.

In this matter Action made repeated requests of Truck to assume the defense and Truck refused or failed to respond. Action was forced to retain counsel for the wrongful death action as well as the declaratory judgment action. In light

of Truck's breach, we find Truck liable for Action's attorney fees and costs in defense of this matter.

Affirmed and remanded to the District Court for determination of attorney fees and costs.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7

Mr. Justice Fred J. Weber dissents:

I respectfully dissent from the majority opinion in its interpretation of the insurance contract issued by Truck Insurance Exchange. The majority has failed to give effect to a clear and unambiguous provision of the policy which limits coverage to bodily injury or damage which occurs during the policy period. The majority opinion creates coverage where the parties agreed in the insurance contract there would be none.

The general condition limiting liability, which expressly applies to the entire policy, states:

> "Except . . . as otherwise provided herein, the insurance afforded under section II of this policy [the coverage involved in this case] applies only to bodily injury or property damage which occurs during the policy period . . .." (emphasis added)

This is a clear and unambiguous provision stating that the insurance applies only to bodily injury or damage which occurs within the policy period. It is contained in the general conditions expressly applicable to the entire policy. There is no language in the policy providing otherwise with respect to the coverage involved here.

The majority suggests that because there is no language in section II which specifically limits coverage under that section, there is no limit whatsoever in the policy which provides that, to be covered, bodily injury or property damage must occur while the policy is in force. The majority supports this conclusion by referring to the phrase "except as otherwise provided herein." The majority finds that the complete absence of any mention of a policy period limitation in section II constitutes an exception "otherwise provided" in the policy. Obviously, if there is no exception stated in section II, there is no exception "otherwise provided" and the general condition limiting liability clearly applies.

8

The only policy provision arguably related to this question is the definition of bodily injury:

> "'Bodily Injury' means bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person."

Because the phrase "including death at any time" is underscored in the majority opinion, I assume the majority construes this language as creating coverage of bodily injury which occurs outside the policy period. However, the majority ignores the last two words of the phrase appearing in the policy, "resulting therefrom." When the entire phrase is read in light of the general condition statement regarding the policy period limit, the phrase "including death at any time resulting therefrom" is clearly intended to assure coverage for a death occurring outside the policy period which results from a bodily injury occurring within the policy period. Obviously, this phrase was not intended to provide coverage of any death at any time which resulted from injury occurring outside the policy period. Despite the clear intent of this phrase to the contrary, the majority has concluded that it extends coverage to death resulting from an injury occurring outside the policy period.

I respectfully disagree with the majority's conclusion that the quoted definitions of completed operations hazard, products hazard and bodily injury provide coverage for injury occurring outside the policy period. Those provisions are definition paragraphs which describe the particular types of hazard or injury which are covered. Nothing in these definitions provides that bodily injury or property damage occurring outside the policy period is covered under the policy.

I would agree with the general statement that the policy provisions are complex and technical. At first reading the

9

provisions may even be confusing.  However, the majority's confusion is unrelated to the policy period limitation. Complexity or difficulty in reading the policy is alone an insufficient basis to find ambiguity.  The provision of the policy which limits coverage to bodily injury or property damage occurring within the policy period, or death resulting therefrom, is clear and unambiguous.  I would reverse the judgment of the District Court.

_____
Justice

Mr. Justice L. C. Gulbrandson:

I join in the foregoing dissent of Mr. Justice Weber.

_____
Justice

10

Mr. Justice Daniel J. Shea, dissenting:

I join in the dissent of Justice Weber and I would reverse the judgment of the District Court. The majority opinion creates insurance coverage where there clearly is none--by the terms of the policy.

Insurance policies are a maze, and this appears to be a generally-accepted fact of life, and a fact that courts also must live with. However, once the maze is figured out, the question should be whether the essential policy provisions are ambiguous. If they are, I have no problem in construing the provisions against the insurer. This is the law and properly so. But if the language is clear and it happens to benefit the insurer, the insurer is just as clearly entitled to the benefit of that language when the courts are called on to decide the question. Here the language is clear and the language benefits the insurer.

When read in its entirety, conditioned upon the general condition limiting liability, it is clear that the damage or an injury leading to death, had to occur during the policy period. It did not and therefore there is no coverage.

_Daniel J. Shea_
Justice