No. 84-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

BAUER RANCH, INC., and R.F. BAUER,

        Plaintiff and Respondent.

  -vs-

MOUNTAIN WEST FARM BUREAU MUTUAL
INSURANCE COMPANY,

        Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District
In and for the County of Silver Bow
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Landoe, Brown, Planalp, Kommers & Johnstone, Bozeman,
        Montana

    For Respondent:

        Corette, Smith, Pohlman & Allen, Butte, Montana

Submitted on Briefs: Jan. 31, 1985

Decided: February 26, 1985

Filed: FEB 26 1985

*Ethel M. Harrison*

                       Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mountain West Farm Bureau Mutual Insurance Company appeals from a judgment entered against it in favor of Bauer Ranch, Inc. and R. F. Bauer in the District Court of the Second Judicial District, Silver Bow County.

We affirm the District Court judgment.

On December 8, 1982, a 1979 White Freightliner tractor owned by Bauer was totally destroyed by collision at a time when it was covered under an insurance policy issued by Mountain West to Bauer. Mountain West raises two issues in this appeal, first, that the White Freightliner tractor was at the time of its destruction leased or rented to Craig Britton and so excluded from coverage, and second, that Bauer may not raise the issue of estoppel against the insurance company when the defense of estoppel is not included in its pleadings.

This case was tried to the District Court sitting without a jury. The pertinent findings of fact are that Mountain West issued a policy of insurance providing collision and physical damage coverage for the 1979 White Freightliner tractor; that such policy was in force on December 8, 1980; that Bauer had purchased the 1979 White Freightliner tractor under an agreement with his son-in-law, Craig Britton, who was then in the trucking business; that according to the agreement Britton would care for the vehicle, provide for a driver, and use the vehicle, and in return, Britton would haul Bauer's hay and cattle at no charge; that prior to the agreement, Bauer had been expending

- 2 -

approximately $30,000 per year in trucking charges for the hauling of his hay and cattle.

The policy coverage for the vehicle was subject to certain exclusions, but the exclusion did not apply to use of the truck on a share expense basis.

Mountain West contended that the arrangement with Britton constituted a lease of the tractor by Bauer and that Bauer was therefore not entitled to physical damage coverage for the accident under the exclusion. In connection with that issue, the District Court found that Bauer had purchased the vehicle in August 1980 for $56,000; that Britton maintained the vehicle through December 8, 1982; that Britton hauled Bauer's cattle and hay whenever Bauer wanted them hauled during that period; that at no time did Britton ever pay any lease or rental monies for the use of the vehicles; that Bauer at all times had the right to control the use of the vehicle, in that he could have demanded return of the vehicle from Britton at any time; that when the accident occurred on December 8, 1982, the vehicle was pulling a trailer loaded with cattle that belonged to Britton. The court further found that in August 1980, before the issuance of the policy, the insurance agent for Mountain West was advised how the vehicle was to be used under the arrangement between Bauer and Britton.

The District Court found and concluded that the use of the vehicle pursuant to the oral agreement between Bauer and Britton was on a share expense basis and as such was not excluded from coverage under the policy of insurance.

The findings of fact made by a district court in a case tried without a jury are not to be set aside by us unless they are clearly erroneous. Rule 52(a), M.R.Civ.P. We have

- 3 -

sometimes said that findings of fact must be sustained if we determine that there is substantial credible evidence to support the findings of fact and conclusions of law. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939. Regardless of how we may state the test, essentially it boils down to the language of Rule 52(a), that unless clearly erroneous, the findings of the District Court must be sustained.

In truth, there is little dispute between the parties as to the facts of this case. What is in dispute is the legal effect of the arrangement between Bauer and Britton, that is whether the arrangement constituted a lease as a matter of law, or an arrangement for shared expenses, as determined by the District Court.

An ambiguous provision in an insurance policy is construed against the insurance company. A clause in an insurance policy is ambiguous when different persons looking at it in the light of its purpose cannot agree upon its meaning. Walker v. Fireman's Fund Insurance Company (D. Mont. 1967), 268 F.Supp. 899. If the language is unambiguous, and subject to only one meaning, there is no basis for the interpretation of policy coverage under the guise of ambiguity. Nelson v. Combined Ins. Co. of America (1970), 155 Mont. 105, 467 P.2d 707. In interpreting and applying insurance contracts, the common rather than technical usage and meaning of definitional terms and policies should be used. Riefflin v. Hartford Steam Boiler Insp. and Ins. Co. (1974), 164 Mont. 287, 521 P.2d 675. Regardless of ambiguity, however, exclusions and words of limitation in a policy must be strictly construed against the insurer. Aetna Ins. Co. v. Cameron (Mont. 1981), 633 P.2d 1212, 38 St.Rep. 1530. If the policy language is ambiguous

- 4 -

as applied to the facts of a case, the construction most favorable to the insured should be adopted. Such construction applies particularly to exclusionary clauses. Lindell v. Ruthford (1979), 183 Mont. 135, 598 P.2d 616.

With the foregoing background of applicable law on the construction of insurance contracts, we look at the exclusionary clause relied on by Mountain West:

> "We don't insure your [truck] while it is rented or leased to others or used to carry persons for a charge. This does not apply to the use of your [truck] on a share expense basis."

Under the facts of this case, the truck was not being used to carry persons for a charge, and that exclusion does not apply. Without quibble we can say the exclusion does not apply to the use of the truck on a "share expense basis." The exclusion does apply if the truck is rented or leased to others, but it is arguable under the language used that the exclusion would not apply if it were rented or leased on a share expense basis.

We are unable to say that the arrangement between Bauer and Britton here was a lease or rental as a matter of law. Although it was a contract by which Bauer gave to Britton the temporary use of his property for a reward, and it was to be returned to him at a future time, § 70-1-601, MCA, and Britton had the duty of keeping the tractor in repair, § 70-1-605, MCA; yet the agreement did not contemplate that Bauer would have to put the tractor in the condition fit for the purpose for which it was delivered to Britton or to repair all deteriorations thereof not occasioned by the fault of Britton, § 70-8-101, MCA. In an ordinary rental of personal property, the hirer must bear all the expenses concerning it as might naturally be forseen to attend it

- 5 -

during its use by him, § 70-8-102, MCA. It would seem that the cost of insurance against physical damage is an expense that might naturally be foreseen, and an expense that must be borne by Britton, if the arrangement were a lease under § 70-8-102.

We are convinced in this case that the arrangement between Bauer and Britton was one for sharing of expenses. Bauer as owner bore the expense of the purchase of the truck and providing its insurance. In return for its use, Britton hauled Bauer's cattle and hay for no charge whenever it was demanded of him. Thus Britton bore the expense that would ordinarily be borne by Bauer for that item. It is clear therefore that the arrangement between Bauer and Britton, whatever else it was, was one for the sharing of expenses that were incidental to the operation of the use of the tractor. In that circumstance, the use was not within the exclusion to the policy coverage relating to leased and rented vehicles.

Our conclusion that the arrangement between Bauer and Britton was on a share expense basis for the use of the truck disposes of all other issues in the case. There is no need to discuss the second issue raised by Mountain West.

Affirmed.

John C. Sheehy
Justice

We Concur:

J. A. Turnage
Chief Justice

John Conway Harrison

- 6 -

_____

R. C. Bulbrandson
_____

_____

William E. Hunt
                    Justices