955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellee,
v.
HAALAND T-BONE FEEDERS INC.; Norman Haaland, Defendants-Appellants.
 No. 91-35138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.*
Decided Feb. 18, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 United States Fidelity and Guaranty Company ("USF & G") brought a declaratory judgment action in the district court to determine whether it had a duty to defend and indemnify its insureds, T-Bone Feeders, Inc. and Norman Haaland ("T-Bone Feeders"), in an action brought against them in Montana state court by The First National Bank of White Sulphur Springs ("Bank"). The district court granted USF & G's motion for summary judgment on the grounds that neither the claims asserted against T-Bone Feeders in the state court action, nor the acts giving rise to those claims, constituted an "occurrence" or caused "property damage" under the terms of the USF & G comprehensive general liability policy ("CGL policy").
 
 
 3
 T-Bone Feeders appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 4
 Under Montana law, to determine whether there is liability insurance coverage, a court considers the claims asserted against the insured and the acts giving rise to those claims. New Hampshire Ins. Group v. Strecker, 798 P.2d 130, 132 (Mont.1990); Graber v. State Farm Fire & Casualty Co., 797 P.2d 214, 217 (Mont.1990).
 
 
 5
 USF & G argues that it is not obligated to defend T-Bone because the acts giving rise to the claims asserted against it do not fall within the definition of the term "occurrence" as required under the policy. We agree.
 
 
 6
 The CGL policy provides that USF & G will defend and pay damages for bodily injury or property damage caused by an "occurrence." "Occurrence" is further defined in the CGL policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured." (Appellants' ER, Ex. 3 at 2 (emphasis added).)
 
 
 7
 The words "accident," "expected," "intended," and "property" are interpreted in accordance with their plain and ordinary meanings because they are not defined in the CGL policy. See Bauer Ranch, Inc. v. Mountain W. Farm Bureau Mut. Ins. Co., 695 P.2d 1307, 1309 (Mont.1985).
 
 
 8
 Damage to the Bank was not damage to property, see Graber, 797 P.2d at 217, was not caused by an "accident," and was not unexpected. T-Bone Feeders was charged with knowledge that the proceeds from the sale of the Bastroms cattle belonged to the Bank because the Bank's security interest in the cattle proceeds was duly recorded. See Mont.Code Ann. § 30-1-201(27) (1991) (notice received by an organization is effective for a particular transaction from the time when it would have been brought to its attention "if the organization had exercised due diligence"). The recorded security agreement informed T-Bone Feeders of its duty to remit the proceeds from the cattle sale directly to the Bank. Therefore, T-Bone Feeders must be held to at least have "expected" damage to the Bank by its improper payment to the Bastroms. Cf. United States Fidelity & Guar. Co. v. Rae Volunteer Fire Co., 688 P.2d 1246 (Mont.1984) (insurance company under no duty to defend fire company that ceased fire control efforts because destruction of building was expected).
 
 
 9
 T-Bone Feeders argues that the district court, in granting summary judgment, resolved a material factual issue when it found that Haaland intentionally failed to check the public records for notice of the Bank's lien. Although this fact may have been resolved by the district court, it was not material. It is irrelevant whether Haaland's failure to check the public records was intentional or negligent. T-Bone Feeders was charged with knowledge of the public records in either event.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Having concluded there was no "occurrence" that triggered coverage under the policy, it is unnecessary for us to consider T-Bone Feeders' additional argument that the district court erred in concluding that the acts giving rise to the claims against T-Bone Feeders did not cause "property damage" under the policy