99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
W. Reid STUART, Personal Representative of the Estates of
Rachelle Irene Stuart and Rhanda Dee Stuart,
Deceased, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY; State Farm Mutual
Automobile Insurance Company, an Illinois
Corporation, Defendants-Appellants,
and
Robert Aiken; Ruth Aiken, Husband and Wife, Individually,
and Aiken Ranch Company, a Montana Corporation,
Plaintiff-Intervenors-Appellees.
W. Reid STUART, Personal Representative of the Estates of
Rachelle Irene Stuart and Rhanda Dee Stuart,
Deceased, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY; State Farm Mutual
Automobile Insurance Company, an Illinois
Corporation, Defendants-Appellees,
v.
Robert Aiken; Ruth Aiken, Husband and Wife, Individually,
and Darcy Brazill, Plaintiff-Intervenors,
and
Aiken Ranch Company, Plaintiff-Intervenor-Appellant.
 Nos. 95-35139, 95-35143.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Aug. 28, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The evidence in this case compels us to conclude that two findings were clearly erroneous: conclusion 20, that at the time of the accident Robert Aiken was acting as an officer and agent of Aiken Ranch Company, and that his actions are attributable to Aiken Ranch Company; and conclusion 26, that at the time of the accident Robert Aiken's automobile was loaned to Aiken Ranch Company and being used for a corporate purpose or in furtherance of corporate business. The evidence allowed for but one conclusion, that the ranch business had been concluded when Mr. Aiken finished checking on the calving cow and turned back onto the highway on the way to dinner. We acknowledge that the scope of review is narrow, and findings of fact may be set aside only if clearly erroneous. Fed.R.Civ.P. 52(a). Nevertheless, after reviewing all the evidence, we are left with a definite and firm conclusion that a mistake was made in attributing Mr. Aiken's conduct at the time of the accident to the ranch.
 
 
 3
 A. The Fleet Policy.
 
 
 4
 The fleet policy insures Aiken Ranch Company, and provides coverage for a large number of vehicles, one or more of which may have been regularly used for the Ranch by Robert Aiken. Premiums are listed for vehicles listed on an attached vehicle schedule. But the schedule does not list the vehicle Mr. Aiken was driving at the time of the accident. Nor is Robert Aiken listed among the five drivers, including four Aikens, on the driver information list.
 
 
 5
 The car Robert Aiken was driving was not covered under the general coverage provisions. The general coverage is to pay damages caused by an accident resulting from use of "your car." "Your car" means the cars listed on the declaration page. Mr. Aiken's car was not listed, so it is not covered as one of the Ranch's cars.
 
 
 6
 The Ranch also has "coverage for the use of other cars," and Plaintiff's theory is that Mr. Aiken's car was a "non-owned car." Liability coverage is extended to use of a "non-owned car" by an "insured." To be an "insured" under the non-owned car provisions, Robert Aiken must be "the first person named" or a "relative" of "the first person named." He is neither. The definition section of the policy says that the "first person named" "means that person whose surname followed by a given name or initial is printed first in the 'Insured' section of the declaration page." The term "person" is defined, and "means a human being." The only named insured on the declaration's page is Aiken Ranch Company, so Robert Aiken is clearly not a named insured.
 
 
 7
 Robert Aiken is not a "relative" of the "first person named" either. The term "relative" is defined to require that the person be "related to" "by blood or adoption." No human being can be related to a corporation by blood or adoption, so it is impossible for Robert Aiken to be a "relative" of the Ranch Company.
 
 
 8
 Plaintiff argues that since "first person named" includes only human beings, and the only name on the declarations page is that of Aiken Ranch Company, the policy is ambiguous. We find this to be unambiguous. The multiple definitions of "insured" in this policy distinguish between a "person" and an "organization." In regard to the non-owned provisions, the policy clearly indicates that it intends to cover persons, not organizations. The possibility that this will limit the instances in which a corporation's non-owned vehicles will be covered does not make the provision less clear.
 
 
 9
 Plaintiff also argues that the reasonable expectations of Aiken Ranch Company would have been that its officers and shareholders, including Robert Aiken, were additional insureds, under Hager v. American West Ins. Co., 732 F.Supp. 1072 (D.Mont.1989). See Wellcome v. Home Ins. Co., 849 P.2d 190, 192 (Mont.1993) (a policy exclusion may be invalid if it fails to " 'honor the reasonable expectations' of the purchaser"). There could be no such reasonable expectation. The only named insured is the corporation. Several members of the Aiken family, but not Robert Aiken, are named as covered drivers, and several vehicles, but not the one Robert Aiken was driving at the time of the accident, were designated as covered vehicles. The plaintiffs' theory for why the corporation could reasonably expect the policy to cover Robert Aiken as an insured is that if he were not, then the relatives' provision of the non-owned car coverage, or perhaps the entire non-owned car coverage, would not add anything to the designated fleet coverage. That does not matter. The policy is a printed form designed for use in many situations. We have been cited to no rule requiring that in every situation, policy language providing additional coverage must add to the coverage in that particular case. Hager is a federal district court case, not a Montana Supreme Court case, so it is not binding authority. We intimate no view on whether Hager correctly states Montana law on insurance policies issued to close corporations. If it were, it would be distinguishable because it is an uninsured motorist coverage case. A principle of uninsured motorist coverage law provided the basis for decision in Hager, 732 F.Supp. at 1074 ("the uninsured motorist coverage ... may not limit the class of persons covered under the endorsement to a group smaller than that covered under the liability provisions of the same policy."). An insured would reasonably expect, from Aiken Ranch's clearly worded policy, designating covered vehicles, that the corporation, but not Robert Aiken, was an insured, and that Robert Aiken's unlisted car was not covered by the corporation's fleet policy.
 
 
 10
 Plaintiff argues that endorsement 6835.1D, although blank, is meant to add Russell Aiken as a named insured, consequently making Robert Aiken a covered relative. Assuming without deciding that the blank endorsement modifies the policy, it still would not make Robert Aiken a relative because to be a relative under the policy, a person must not only be related by blood or adoption, but also live with the named insured. Even if Robert Aiken were a relative under the policy, Robert Aiken's car would not be "your car" because it is not among those vehicles scheduled and covered by premiums. Nor would it be an non-owned car. The result is the same under the other blank endorsement in this case, Amendatory Endorsement 6025E. Under that endorsement, a non-owned car means a car not owned by or registered in the name of any relative for more than the thirty day grace period. This provision protects the insurer from covering relatives' cars on which no premium is paid, beyond the newly acquired car grace period. It is undisputed that Robert Aiken owned his car longer than the thirty day grace period. Even if Robert Aiken were a relative under the fleet policy, the car he was driving would still not have been eligible for protection.
 
 
 11
 B. Umbrella Policy.
 
 
 12
 Aiken Ranch Company and Russell and Corinne Aiken have no coverage under the Umbrella Policy, because it affords coverage to them only if they "are legally obligated to pay damages for a loss." There was no evidence that they were legally obligated to pay damages for the loss at issue. The uncontradicted evidence at trial showed that Robert Aiken, at the time of the accident, was not acting as an officer or other agent of the Ranch. He was simply driving the Orrs home from the restaurant, where they had been eating dinner together in celebration of the Orrs' sixtieth wedding anniversary. His corporate business had been entirely concluded when he turned back onto the highway before dinner, after checking on the calving cow.
 
 
 13
 Plaintiff's argument for coverage for Robert Aiken is that he is an additional insured under the umbrella policy's omnibus clause. That clause provides coverage to "any person ... while using ... an automobile ... loaned to the named insured, provided that the named insured gave permission for the type of use." As applied, the theory is that Robert Aiken loaned his car to the corporation at the time of the accident, and for use in checking the calving cow, and the corporation implicitly gave permission for Robert Aiken's operation of the car at the time of the accident. There is no factual support for this theory.
 
 
 14
 If Mr. Aiken had had the accident during the detour to the Ranch to check the calving cow, arguably he could have been treated as loaning his automobile to the corporation during that detour. We need not decide whether this is so, because this is not how or when the accident happened. The accident did not occur during the cow-checking detour. The omnibus clause therefore cannot apply, because the accident did not occur "while" Mr. Aiken was using an automobile loaned to the Ranch. Whether the car was loaned to the ranch during the cow-checking detour or not, it was not being loaned to the Ranch while Mr. Aiken was driving the Orrs home from the restaurant.
 
 
 15
 While we agree with plaintiff that ambiguous provisions in an insurance policy are to be construed against the insurer, Bauer Ranch v. Mountain West Farm Bureau Mutual Ins. Co., 695 P.2d 1307, 1309 (Mont.1985), we are unable to find anything ambiguous in the relevant terms of the policy. They are clear and admit the possibility of only one interpretation for purposes of this case.
 
 
 16
 Nor can we find any basis for coverage in the frolic and detour cases, such as Berrettoni v. United States, 436 F.2d 1372 (9th Cir.1970). Berrettoni, applying Montana law, approved the following rule: If the employee's work necessitated the trip, then he is in the course of employment, though at the same time he is serving some purpose of his own. Id. at 1374. But "if the journey would have gone forward" even without the business errand, and would have been cancelled without the private purpose, then the trip is personal and not in the course of employment. Id. In this case, Mr. Aiken drove to Conrad, and was driving home, only because of the personal engagement to take the Orrs to dinner. Checking the calving cow would not have put him on the highway back from Conrad to the Orrs, but cancelling the engagement with the Orrs would have eliminated the reason for the trip home from Conrad. The ranch business was the detour, and taking the Orrs to dinner was the purpose which necessitated the trip.
 
 
 17
 There was no evidence that Aiken Ranch Company or Russell Aiken got different policies from what they requested from State Farm, so there was no basis for the equitable reformation suggested by Stuart.
 
 CONCLUSION
 
 18
 Under Montana law, "the language of the policy governs if it is clear and explicit." Wellcome, 849 P.2d at 192. In this case, it was. Also, the insured could not have any "objectively reasonable expectations," id. at 193, of coverage for the accident under either policy. Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED with directions to enter judgment in favor of defendants, and to vacate conclusions of law 20 and 26.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3