JUSTICE LEAPHART,
dissenting.
¶19 I dissent. The language of the policy presents an ambiguity which should be resolved against the insurer.
¶20 The language of the policy obligates Farmers to pay damages “arising out of the ownership, maintenance or use of a car or utility trailer.” George argues that this assumption of liability by Farmers for damages is not conditioned on the utility trailer being towed at the time of the incident in question. The Court purports to resolve this argument by pointing out that when the policy definition of utility trailer is inserted into the coverage provision relied upon, the provision requires Farmers to pay damages “arising out of the ownership, maintenance or use of a car or...” a “vehicle designed to be towed by a private passenger car or farm car... while towed by a private passenger car, utility car, or farm car.” The fallacy of the Court’s approach becomes apparent however when you consider that the “while towed” language has to modify not only “use” but also “ownership” and “maintenance.” The Court’s resolution does not work with ownership or maintenance. In other words, “while towed” can modify “use,” but it makes no sense to say that there is coverage for maintenance of the trailer while being towed. You do not maintain a trailer while it is being towed. Likewise, it makes no sense to provide coverage for ownership “while [being] towed.” Ownership is not temporally divisible. George either owned the trailer or did not. Ownership does not hinge upon whether the trailer is being towed. George owned the trailer for all purposes, both while it was being towed and in its stationary position. Thus there is coverage “arising out of [his] ownership” of the trailer.
¶21 In my view, the construction of the policy propounded by Farmers and adopted by the Court is not consistent with the coverage provisions of the policy. The policy, at best, is ambiguous and should be resolved against the insurer. Section 28-3-206, MCA; Bauer v. Mountain West Farm Bureau Mutual Ins. Co. (1985), 215 Mont. 153, 156, 695 P.2d 1307, 1309. 1 would reverse the judgment of the District Court.