No. 85-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

ROBINTECH, INC.,

             Plaintiff and Respondent,

    -vs-

WHITE & McNEIL EXCAVATING, INC.,
and TRANSAMERICA INSURANCE CO.,

             Defendants and Appellants.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
               In and for the County of Musselshell,
               The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

               Landoe, Brown, Planalp & Kommers; James M. Kommers,
               Bozeman, Montana

       For Respondent:

               Jardine, Stephenson, Blewett & Weaver; William D.
               Jacobsen, Great Falls, Montana

                               Submitted on briefs: Aug. 15, 1985

                                       Decided: November 6, 1985

Filed:   NOV 6 - 1985

                    Ethel M. Harrison

                    _____
                            Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendants, prime contractor and its surety on a public works project, appeal summary judgment in favor of plaintiff, a materialman and supplier to a subcontractor, entered in the Fourteenth Judicial District, Musselshell County, on December 28, 1984. The District Court determined that as a matter of law plaintiff was entitled to summary judgment in the amount of $47,639, plus interest at 6 percent and costs.

We affirm. We hold that White & McNeil Excavating, Inc., as the prime contractor, was bonded by Transamerica Insurance Company to assure payment to its materialman, Robintech, under the public works bonding provisions in Part Two of Title 18, Chapter 2, MCA. We hold that White & McNeil had adequate legal notice on Robintech's claim, and Robintech was entitled to payment under the contract and under the bonding statutes.

Both parties moved for summary judgment claiming that the material facts were undisputed. For its first issue on appeal, White & McNeil challenges the court's conclusion that Robintech was a supplier or a materialman to a subcontractor, alleging that Waterworks Supplies Company was a materialman and not a subcontractor. Therefore, appellant urges this Court, Robintech supplied a materialman and is not protected by the bond. For its second issue, appellant alleges error in the court's ruling that Robintech complied with § 18-2-206, MCA, by mailing invoices but failing to send notice by certified mail of any claim upon the bond.

The facts material to the summary judgment follow. On June 9, 1982, the City of Roundup, Montana, entered into a public works contract with White & McNeil Excavating, Inc.,

2

for the construction of water main improvements to be incorporated into the city water system. White & McNeil, prime contractors on the project, executed a payment bond with co-defendant Transamerica Insurance Company as surety.

The payment bond contained the following language:

> NOW, THEREFORE, if the PRINCIPAL shall promptly make payment to all persons, firms, and corporations furnishing materials for or performing labor in the prosecution of the WORK provided for in such contract, and any authorized extension or modification thereof, including all amounts due for materials, lubricants, oil, gasoline, coal and coke, repairs on machinery, equipment and tools, consumed or used in connection with the construction of such WORK, . . . . [Emphasis added.]

A further provision limited the claimants entitled to coverage:

> PROVIDED, that beneficiaries or claimants hereunder shall be limited to the SUBCONTRACTORS, and persons, firms and corporations having a direct contract with the PRINCIPAL or its SUBCONTRACTORS.

The general contract defined a "subcontractor" as "an individual, firm or corporation having a contract with the CONTRACTOR or with any other SUBCONTRACTOR for the performance of the WORK at the site." "Work" was defined in the contract as "[a]ll labor necessary to produce the construction required by the CONTRACT DOCUMENTS, and all materials and equipment incorporated or to be incorporated in the PROJECT." (Emphasis added.)

White & McNeil contracted with Waterworks Supplies Company as the sole direct supplier of pipe and all materials for the project, and Waterworks in turn contracted with Robintech to provide the pipe. Steve McNeil testified at his deposition that he knew when they "were quoted the job, that

3

it was Robintech pipe." Robintech shipped its pipe directly to the project and a representative of White & McNeil signed for the pipe as consignee. The packing lists and receipts bore the Robintech letterhead. Before the project completion, Betty White, secretary of the prime contractor, realized that Waterworks was not paying for the Robintech pipe, so she withheld payments to Waterworks.

The City Council of Roundup met and approved final payment to White & McNeil on or about August 3, 1982. On August 30, 1982, Robintech mailed a notice to the City of its claim against the bond executed between White & McNeil and Transamerica on the project, pursuant to notice requirements for a right of action, § 18-2-204, MCA. Defendants admitted that copies of this notice were mailed to them the next day, August 31, 1982.

I

Appellant contends that Waterworks Supplies was a materialman, not a subcontractor, to White & McNeil, and that Robintech supplied one who was not a subcontractor. Arguing that Robintech did not have a direct contract with the principal or a subcontractor, appellant claims that Robintech did not qualify for protection under the limiting provision.

We find no merit in appellant's contentions. Waterworks had a contract with the principal, White & McNeil, to provide materials, and Robintech had a contract with Waterworks to provide pipe. Robintech was covered under the limiting provision as well as the general bond. Furthermore, Robintech was protected under the bonding statutes for public works projects, § 18-2-201, et seq., as a materialman providing materials for the prosecution of work under the contract.

4

First, appellant incorrectly argues that Waterworks was only a supplier and not a subcontractor, apparently from a misconception that a subcontractor must perform labor at the work site. White & McNeil contracted with Waterworks to provide all its pipe for the public works project, knowing that the pipe would be supplied by Robintech. Under the general contract, work encompassed both labor and materials incorporated into the project. Waterworks was clearly a subcontractor on the project. The bond assured payment to a corporation having a direct contract with a subcontractor. Robintech had such a contract and qualified under the limiting provision of the bond. Therefore, the prime contractor or its surety was liable for payment.

Second, Robintech is entitled to claim on the bond under Montana's public works bonding statutes, § 18-2-201 et seq., MCA, provided that it gave adequate legal notice under § 18-2-206, MCA.

> Bonding requirements. (1) Whenever
> . . . any public body shall contract
> with any person or corporation to do any
> work for the . . . city, . . . such
> . . . body shall require the corpora-
> tion, person, or persons with whom such
> contract is made to make, execute, and
> deliver to such . . . body a good and
> sufficient bond with . . . a licensed
> surety company as surety, conditioned
> that such corporation, person, or per-
> sons shall:
>
> (a) faithfully perform all of the provi-
> sions of such contract;
>
> (b) pay all laborers, mechanics, subcon-
> tractors, and materialmen; and
>
> (c) pay all persons who shall supply
> such corporation, person or persons, or
> subcontractors with provisions,
> provender, material, or supplies for the
> carrying on of such work. [Section
> 18-2-201, MCA. Emphasis added.]

5

By statute, the bond assures payment to materialmen and persons supplying the corporation or subcontractor with material. Regardless of its contract with Waterworks, Robintech supplied White & McNeil which benefitted in fulfilling its contractual promise. When the City of Roundup accepted the project as completed, it acknowledged that all of the provisions of the contract were performed, including the installation of the Robintech pipe. Robintech supplied the corporation of White & McNeil the material for the project, White & McNeil knowingly received the benefit, and its surety company, Transamerica, has guaranteed payment.

## II

In claiming failure to comply with the notice required under § 18-2-206, MCA, appellant next makes an argument of form over substance already decided in favor of respondent's position in Treasure State Industries v. Leigland (1968), 151 Mont. 288, 443 P.2d 22. Appellant contends that Robintech was only entitled to proceed against the contractor if it had strictly complied with the provisions for notice to the contractor concerning subcontractor under § 18-2-206, MCA, sending a certified letter within thirty days to the contractor, which is a separate requirement from § 18-2-204, MCA. We have held that statutory notice was waived and the notice provisions were satisfied if the prime contractor had actual knowledge that materials were being furnished for the project by a particular supplier and consented thereto. Treasure State Industries v. Leigland (1968), 151 Mont. 288, 297, 443 P.2d 22, 27. To require more notice than White & McNeil had from the beginning in contract discussions and periodically from direct shipments and packing lists and receipts would,

6

as in <u>Treasure</u> <u>State</u>, "be to require an idle act and to defeat its claim on this ground would deny it justice." <u>Treasure</u> <u>State</u>, 443 P.2d at 27.

We find appellant's argument particularly strained in requiring all or nothing notice by certified mail, otherwise foreclosing respondent's claim. Section 18-2-206(1), MCA, provides that every person, firm or corporation furnishing materials to be used in the work for the [city] shall "deliver <u>or</u> send by certified mail to the contractor a notice in writing <u>stating</u> <u>in</u> <u>substance</u> <u>and</u> <u>effect</u> that [it has provided materials] with the name of the subcontractor or agent ordering or to whom the same is furnished and [the contractor or his bond will be held for the same]." (Emphasis added.) The accompanying packing lists and receipts were written notice stating in substance that Robintech provided materials, and White & McNeil's duty under the provisions of this part to its materialmen sufficed to hold the contractor and his bond liable to pay. Robintech provided the materials to White & McNeil for its project, qualifying under the bonding statute, § 18-2-201, MCA. We therefore conclude that the requirements for notice in Treasure State Industries v. Leigland, supra, are satisfied.

Affirmed.

_____
Chief Justice

7

We concur:

_John Conway Harrison,_

_(signature)_

_William E. Hurstle_

_L. C. Gulbrandson_,
Justices