No. 92-368

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

JENA W. BOLT,

     Petitioner and Respondent,

  and

JAMES W. BOLT,

     Respondent and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Kenneth R. Olson, Attorney at Law,
Great Falls, Montana

     For Respondent:

          Floyd D. Corder, Corder and Allen,
Great Falls, Montana

FILED

Filed: JUN 10 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  March 11, 1993

Decided:  June 10, 1993

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

This is an appeal from the District Court of the Eighth Judicial District, Cascade County. Appellant James Bolt appeals from the District Court's Findings of Fact, Conclusions of Law, and Order entered on April 3, 1992.

We affirm.

The following issues are presented for our review:

1. Did the District Court err in adopting findings of fact that are nearly verbatim to those proposed by respondent?

2. Did the District Court err in its application of § 40-4-212, MCA, in the determination of primary physical custody of the parties' three children?

3. Did the District Court err in its application of § 40-4-202, MCA, in the determination of the division of property?

4. Did the District Court err in denying appellant's request to retroactively modify his pretrial child support obligation?

5. Did the District Court err in its decision not to disqualify respondent's trial counsel based on the grounds of "conflict of interest"?

Jena and James were married on December 29, 1979, in Huntsville, Alabama. Jena has a daughter from a prior marriage who is now in the custody of Jena's former husband. James has never been married before. James and Jena have three children--Jeremy, ten, Josh, seven, and Jessica, five.

Both Jena and James are high school graduates. James attended college for about two years, and is currently pursuing a marketing

2

degree. Jena has had informal training in the computer field, and is presently pursuing a degree in computer science education. Both parties are in good health and employable. James was formerly employed in the insurance industry as a sales agent and Jena has worked as a secretary in the same field.

Although the parties are employable, they have had their share of financial difficulties. In 1987, while residing in Chattanooga, Tennessee, they filed a Chapter 13 bankruptcy. Their vehicle was repossessed and their home was foreclosed upon. After resettling in Great Falls, they experienced similar financial difficulties. They were unable to make the payments under the bankruptcy plan and were, therefore, never discharged in bankruptcy.

On July 3, 1990, Jena filed a petition for legal separation requesting that the court divide the marital property and debts, and that she be awarded primary physical custody of the parties' three children. Jena also filed a motion for temporary restraining order, temporary maintenance for support of the minor children, and for temporary custody of the children.

James filed an answer to Jena's petition for legal separation on July 6, 1990, requesting dissolution of the marriage and legal custody of the children. On July 10, 1990, the court granted the temporary restraining order, and in addition, ordered James to pay temporary child support and granted temporary custody of the children to Jena. This order was entered ex parte. There were additional motions filed concerning the issue of child support. Both parties were arrested for domestic abuse, and a youth in need

3

of care proceeding was initiated. On May 28, 1991, James filed a motion to retroactively modify child support, submitting that the award was inconsistent with the Child Support Guidelines. Jena filed an answer on June 13, 1991. She later filed an additional motion requesting termination of James' temporary visitation rights. James filed a motion requesting the disqualification of Jena's attorney due to an alleged conflict of interest. After a bench trial, each party submitted proposed findings of fact and conclusions of law. On April 3, 1992, the Court entered its findings of fact, conclusions of law, and order. Notice of entry of judgment was filed on April 14, 1992.

## I.

Did the District Court err in adopting findings of fact that are nearly verbatim to those proposed by respondent?

James claims that the District Court's findings of fact were, in essence, a "verbatim" adoption of Jena's proposed findings. Even though the District Court set out findings of fact similar or verbatim to those proposed by Jena, there is no problem in doing so if substantial credible evidence exists to support such findings. In re Marriage of Hurley (1986), 222 Mont. 287, 296, 721 P.2d 1279, 1285. We hold that the District Court's findings of fact meet the test set out in Hurley.

## II.

Did the District Court err in its application of § 40-4-212, MCA, in the determination of primary physical custody of the parties' three children?

4

Because the trier of fact is able to observe the witnesses and presentation of evidence firsthand, we will not overturn the District Court in custody matters unless we find a clear "abuse of discretion." In re Marriage of Maxwell (1991), 248 Mont. 189, 193, 810 P.2d 311, 313.

James claims that the District Court did not "address" the criteria set out in § 40-4-212, MCA, in determining primary physical custody. This Court has consistently held that the district court need not specifically address each of the criteria, but rather set forth "essential and determining" facts upon which it based its decision. In re Marriage of Cameron (1982), 197 Mont. 226, 231, 641 P.2d 1057, 1060.

The District Court, in the case at bar, as evidenced by the findings of fact, considered each of the criteria of § 40-4-212, MCA, before reaching its custody determination based on the "best interests of the child."

It was obvious from Jena's petition for legal separation, and James' answer to the petition, that both parties wished to participate in the upbringing of the minor children. The District Court considered the requests of the parents before determining primary physical custody. Section 40-4-212(a), MCA.

As to the wishes and feelings experienced by the children, the District Court found that James has a history of violence when using alcohol and the children are afraid of him when he is drinking. The wishes of the children were considered by the court through counselling by a family counselor from Golden Triangle

5

In In re Marriage of Miller (1989), 238 Mont. 197, 203, 777 P.2d 319, 323, we stated the standard of review for property division in a marital dissolution decree:

> The apportionment made by the District Court will not be disturbed on review unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice.

James complains about the distribution of the property. The District Court considered the station, occupation, sources of income, and vocational skills of Jena and James as required in § 40-4-202, MCA. The Court made a determination as to the division of the accumulated property, and awarded the marital property under that criteria. Section 40-4-202, MCA. The calculations were a result of the District Court's adherence to § 40-4-202(1), MCA, in which it is required to "finally equitably apportion between the parties the property and assets belonging to either or both." We conclude that no injustice resulted to James. We hold that the District Court did not abuse its discretion in its final determination of the property division.

IV.

Did the District Court err in denying appellant's request to retroactively modify his pretrial child support obligation?

Modification of child support is granted only if circumstances arise that are "so substantial and continuing as to make the terms [of the temporary order] unconscionable." Section 40-4-208(2)(b)(i), MCA.

7

James filed a motion for retroactive child support on May 28, 1991. Even if the terms of the child support agreement were found to be unconscionable, they could only be modified back to May 28, 1991, when James gave actual notice of the motion for modification. Section 40-4-208(1), MCA. The District Court found that the child support was not unconscionable, and we agree.

The Court has wide discretion in weighing various factors under § 40-4-204, MCA, to determine appropriate support obligation. In re Marriage of Sacry (1992), 253 Mont. 378, 833 P.2d 1035. James claims that the District Court did not give enough weight to the fact that he is currently unemployed when the court made the support obligation determination. We disagree.

Although James is currently unemployed, he is healthy, educated, and as evidenced from his past employment in the insurance field, capable of earning a substantial income.

Contrary to James' allegations, the District Court did consider current data when, on November 25, 1991, it reduced his pretrial support obligation to $300 per month from the previous $640 a month ordered on December 28, 1990.

We hold that the District Court did not abuse its discretion in denying James' request to retroactively modify his pretrial child support obligation.

V.

Did the District Court err in its decision not to disqualify respondent's new trial counsel based on the grounds of "conflict of interest"?

James claims that Jena's new trial counsel, who replaced her original counsel appointed in July 1990, possessed confidential information about his case, constituting a "conflict of interest." The alleged confidential information was disclosed during an initial consultation between James and this particular counsel when James had considered retaining her.

James failed to raise this "conflict of interest" issue at the October 17, 1990, hearing, at the date of the order on July 3, 1990, or on the first day of trial. Even though James failed to raise the issue until November 26, 1991, the second day of trial, the District Court considered James' motion to disqualify Jena's counsel. The motion was denied, but with the stipulation that James could renew the motion upon discovery during trial of any breach of confidential information. James failed to renew the motion because there was no articulable breach of confidentiality. Therefore, we conclude that the District Court did not err in its decision not to disqualify Jena's trial counsel.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

9

_____
Karla M. Gray

_____
Terry Trieweiler

_____
                Justices