No. 93-523

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

ALFRED J. LUCIANO, d/b/a
FARM HARVESTING OF EUREKA, INC.,

       Plaintiff and Appellant,

  v.

NORTHWEST PIPE AND CASING CO.,

       Defendant, Cross-claimant
         and Respondent,

   and

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,

       Defendant, Cross-defendant
         and Appellant.



FILED

MAR 15 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln,
               The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           William A. Douglas; Douglas & Sprinkle, Libby
           Montana

       For Respondent:

           Dana L. Christensen and Mikel L. Moore; Murphy,
           Robinson, Heckathorn & Phillips, Kalispell, Montana

                 Submitted on Briefs:  February 3, 1994

                          Decided:  March 15, 1994

Filed:

                             Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

General contractor Alfred J. Luciano d/b/a Farm Harvesting of Eureka, Inc. (Farm Harvesting) appeals the Nineteenth Judicial District Court, Lincoln County, order which entitled Northwest Pipe and Casing Company (Northwest) to receive $46,879 under Farm Harvesting's labor and materials payment bond pursuant to Montana's Little Miller Act--§§ 18-2-201 et seq., MCA. We affirm.

In December 1987, Glen Lake Irrigation District (GLID) contracted with Farm Harvesting to install a forty-two inch inverted syphon pipeline for GLID. In accordance with §§ 18-2-201, et seq., MCA, Farm Harvesting posted a labor and materials payment bond purchased from Fidelity and Deposit Company of Maryland.

Farm Harvesting then entered into a subcontract with Petroleum Pipe and Supply Company (Petroleum). Petroleum agreed to supply pipe and materials for the GLID pipeline project. Petroleum then entered into a separate contract with Northwest. Northwest agreed to provide pipe to Petroleum for installation at the GLID project.

On December 28, 1987, Farm Harvesting paid Petroleum $70,661.92 for pipe and material, including the pipe and materials supplied by Northwest. On February 23, 1988, Northwest sent GLID, Petroleum and Farm Harvesting a notice by certified mail explaining that Northwest was delivering pipe and materials directly to GLID's Eureka property and to Petroleum. Northwest delivered a total of $46,879 in pipe and related materials to the GLID project and to Petroleum.

2

In March 1988, Petroleum filed for bankruptcy. Northwest did not know, prior to Petroleum's bankruptcy petition, that Farm Harvesting had paid Petroleum for the pipe that Northwest supplied. Moreover, Northwest did not expect to be paid immediately for the pipe it supplied.

Farm Harvesting instituted this declaratory action against Northwest on August 10, 1988. Farm Harvesting sought judicial interpretation of § 18-2-208(1), MCA. Farm Harvesting alleged that § 18-2-208(1), MCA, precluded Northwest's recovery against Farm Harvesting's labor and materials payment bond. Northwest answered, counterclaimed, cross-claimed and filed third-party claims seeking a declaration that it was entitled to recovery under the bond. Northwest also sought a judgment for $46,879, interest and attorney's fees.

Northwest and Farm Harvesting filed cross-motions for summary judgment. The District Court denied Farm Harvesting's motion and granted Northwest summary judgment. The District Court entered judgment for Northwest in the amount of $46,879, plus ten percent interest from March 1, 1988, $5,817.75 in attorney's fees, and $418.45 in costs. Farm Harvesting appeals and presents this issue:

If a contractor advances funds to a subcontractor who later fails to pay its supplier because of bankruptcy, do the provisions of § 18-2-208(1), MCA, preclude the subcontractor's supplier from securing payment against the contractor's surety bond?

Our standard of review on a grant of summary judgment is identical to that of the trial court. Minnie v. City of Roundup

3

(1993), 257 Mont. 429, 431, 849 P.2d 212, 214. We examine the record to determine whether genuine issues of material fact exist. Minnie, 849 P.2d at 214. If no genuine issues of material fact exist, then we examine whether the moving party is entitled to judgment as a matter of law. Minnie, 849 P.2d at 214.

Here, no genuine issues of material fact exist and we must examine whether § 18-2-208(1), MCA, precludes Northwest's right to make a claim against Farm Harvesting's bond. Farm Harvesting recognizes that our decision in Robintech, Inc. v. White & McNeil Excavating, Inc. (1985), 218 Mont. 404, 709 P.2d 631, provides Northwest with a cause of action against Farm Harvesting's bond. However, Farm Harvesting argues that since it advanced money to Petroleum, § 18-2-208(1), MCA, precludes Northwest from recovering money from Farm Harvesting's bond.

When analyzing and applying a statute, we strive to "effect the intention of the legislature." Thiel v. Taurus Drilling Ltd. (1985), 218 Mont. 201, 205, 710 P.2d 33, 35. We determine legislative intent by first looking to the language of the statute. Thiel, 710 P.2d at 35. If the legislature's intent is clear from the language of the statute, we look no further. State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 204.

Section 18-2-208(1), MCA, provides that:

The provisions of this part shall not apply to any money loaned or advanced to any such contractor, subcontractor, or other person in the performance of any such work.

The language of this statute is hardly a model of clarity. "If

4

intent cannot be determined from the content of the statute, we examine the legislative history." State ex rel. Roberts v. Public Service Commission (1990), 242 Mont. 242, 246, 790 P.2d 489, 492, quoting Thiel, 710 P.2d at 35. Section 18-2-208(1), MCA, was enacted in 1931 and its legislative history is not available.

The District Court in its interpretation found that § 18-2-208(1), MCA, only applied to banks or lending institutions. However, the plain language of § 18-2-208(1), MCA, simply does not limit its application to banks and lending institutions. We refuse to insert omitted terms into a statute. Neuhausen, 833 P.2d at 204. Since § 18-2-208(1), MCA, does not limit its application to banks and lending institutions, we conclude that the legislature must have intended that this statute applies to any person or entity who loans or advances money "to a contractor, subcontractor or other person . . . ." Section 18-2-208(1), MCA.

Historically, courts have liberally construed bonding statutes to effectuate the overall purpose of compensating those who contribute materials and supplies to a public project. Hill v. American Surety Co. (1906), 200 U.S. 197, 202-03, 26 S.Ct. 168, 170, 50 L.Ed. 437, 440. It necessarily follows that a statute which precludes recovery by a subcontractor, supplier or other person is to be strictly construed to compensate those who contribute materials and supplies.

Here, Farm Harvesting does not dispute that the Montana bonding statutes were enacted to protect subcontractors, suppliers and materialmen who supply contractors or subcontractors working on

5

public projects. Section 18-2-208(1), MCA, must be strictly construed to effectuate that purpose. Although § 18-2-208(1), MCA, permits contractors to loan or advance money, we conclude that the statute only prevents a subcontractor or other person from making a claim against the contractor's bond if the contractor has loaned or advanced money to that specific subcontractor or other person.

Here, Farm Harvesting advanced money to Petroleum, not to Northwest. Since no money was advanced to Northwest, it retains its statutory right to recover against Farm Harvesting's bond. We hold that Northwest is entitled to recover $46,789 from Farm Harvesting's bond for the pipe and related materials which it supplied to the GLID project. See §§ 18-2-201, -204 and -205, MCA.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Karla M. Gray_

_William E. Hunt_

_Terry Trieweiler_
Justices

March 15, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William A. Douglas
Douglas & Sprinkle, P.C.
P.O. Box 795
Libby, MT  59923

Dana L. Christensen & Mikel L. Moore
Murphy, Robinson, Heckathorn & Phillips, P.C.
P.O. Box 759
Kalispell, MT  59923

Connie Schreier, Esq.
Schreier & Kelley
P.O. Box 1287
Eureka, MT  59917

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
      Deputy