No. 95-137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

CHARLES M. LEE,

      Petitioner and Respondent,

  and

JANET B. LEE,

      Respondent and Appellant.

FILED

SEP 26 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteen Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Sarah Arnott Ozment, Attorney at Law, Livingston,
Montana

      For Respondent:

      Rienne H. McElyea; Berg, Lilly, Andriolo &
Tollefsen, Bozeman, Montana

Submitted on Briefs: September 7, 1995

Decided: September 26, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Company.

Janet B. Lee appeals from the September 8, 1993, Findings of Fact and Conclusions of Law of the Eighteenth Judicial District Court, Gallatin County, incorporating an Administrative Child Support Order. We affirm.

The following issue is raised on appeal:

Did the District Court err in applying § 40-5-227, MCA, when it found that the Administrative Child Support Order could only be modified as to installments accruing after a motion for modification of child support has been made?

Janet B. Lee (Janet) and Charles M. Lee (Charles) were married on September 1, 1979. Three children were born of the marriage. Janet and Charles separated July 3, 1989. Shortly after their separation, Janet applied for Aid to Families with Dependent Children (AFDC). When Janet applied for AFDC benefits, she also signed a "Notice of Automatic Assignment of Rights" form. Subsequently, the Department of Social and Rehabilitative Services (SRS) brought an action against Charles to collect child support.

Charles and SRS entered into an Administrative Consent Order obligating Charles to pay child support in the amount of $50 per month per child. Pursuant to § 40-5-227, MCA, the Administrative Order was filed in the Eighteenth Judicial District Court, Gallatin

2

County.  The Clerk of the District Court docketed the abstract of the final Administrative Order.

On April 28, 1993, a hearing was held to determine the parties' child support obligations.  The court ordered the parties to mediate the issue of child support from the month of May 1993 forward.  The parties were unsuccessful in mediating the dispute.  As a result, the court ordered the parties to prepare position papers on the issue of child support.  In the December 3, 1994, decree of dissolution of marriage, the District Court found that pursuant to the Administrative Consent Decree Charles owed $1,031.17 in child support arrearages through April 1993.  The District Court ordered the parties to prepare child support guideline affidavits to determine support from May 1993 forward.

In its order of December 21, 1994, the District Court found a child support obligation of $101 per month per child from May 1993 to May 1994.  From June 1994 to present, the court found the child support obligation to be $154 per month per child.  The District Court did not alter the Administrative Consent Order for the period before the April 28, 1993, hearing.  Thereafter, Janet filed the instant appeal seeking to recover additional child support for the entire period during which the Administrative Consent Order was in effect; that is, retroactive to the date of separation.

The standard of review we apply for a child support award is whether the district court abused its discretion.  In re Marriage of D.F.D. and D.G.D. (1993), 261 Mont. 186, 203, 862 P.2d 368, 378.  This appeal is based on the application of § 40-5-227, MCA.

3

Section 40-5-227, MCA, provides:

> **Filing and docketing of final orders -- orders effective as district court decrees.** (1) An abstract of any final administrative order under this chapter may be filed in the office of the clerk of the district court of any county of Montana. The order, if approved, must be docketed in the judgment docket of the district court. <u>The properly filed and docketed order has all the force, effect, and attributes of a docketed order or decree of the district court</u>, including but not limited to lien effect and enforceability by supplemental proceedings, writs of execution, and contempt of court proceedings.
>
> (2) <u>A final administrative order that determines and sets periodic support payments in the absence of a district court order, when filed and docketed under this section, may be modified by a district court order only as to installments accruing after actual notice to the parties of any motion for modification.</u> The standard for a modification is that set forth in 40-4-208.
>
> (3) The department may issue a warrant for distraint based upon a properly filed and docketed order pursuant to 40-5-247. [Emphasis added.]

Janet argues that this section should be read to allow district courts to issue child support orders in a dissolution proceeding regardless of whether an administrative order has been filed in district court. We disagree. A party must still move for modification before the court acquires the power to modify the properly filed administrative order.

In its Conclusion of Law number six, the District Court found that:

> The Administrative Order became the Order of this Court on January 8, 1990. Pursuant to M.C.A. Section 40-5-227, that Order can be modified only as to installments accruing after a Motion for Modification of Child Support. A Motion for Modification was not filed, and the Court cannot retroactively modify the support Order established by the Consent Administrative Order.

Where the language of the statute is plain, unambiguous, direct,

4

and certain, the statute speaks for itself. Kreger v. Francis (Mont. 1995), 898 P.2d 672, 674, 52 St.Rep. 493, 494. We have also held that if the legislature's intent is clear from the language of the statute, we look no further. Luciano v. Northwest Pipe & Casing Co. (1994), 264 Mont. 148, 151, 870 P.2d 99, 101.

As § 40-5-227, MCA, makes clear, a properly filed and docketed administrative order has all the force, effect, and attributes of a docketed order or decree of the district court. As such, a motion to modify must be made by a party before any modification can be ordered by the court. Janet could have moved for modification. We note that even if the terms of the temporary child support agreement were found to be unconscionable, the award could only be modified retroactive to the date when Charles had actual notice of the motion for modification. Section 40-4-208(1), MCA; In re Marriage of Bolt (1993), 259 Mont. 54, 60, 854 P.2d 322, 325. Here, however, Janet did not move to modify the child support order as was required by § 40-5-227(2), MCA.

Janet argues that she should not be bound by the administrative order because she was not served or given notice of the proceeding. However, we note that Janet applied for and received AFDC benefits, and as part of the application she assigned her right to collect child support. Section 53-2-613(2), MCA, provides:

> A person by signing an application for public assistance assigns to the state, the department of social and rehabilitation services, and to the county welfare department all rights the applicant may have to support and medical payments from any other person in the applicant's own behalf or in behalf of any other family

5

member for whom application is made.

Janet also signed a "Notice of Automatic Assignment of Rights" form, which provided that:

> By signing an application for public assistance, you automatically assign and transfer all rights to child support to the state of Montana, department of social and rehabilitative services (SRS), and the county welfare department/county office of human services.

Thus, Janet's argument that she was not properly served or notified is without merit. Janet had previously assigned her rights to receive child support to the State of Montana. Her assignment of rights obviated the need to make her a party to the administrative proceeding.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6