WEBSTER, Respondent, *v.* MOUNTAIN STATES TELE-
PHONE & TELEGRAPH CO. ET AL., APPELLANTS.

(No. 7,844.)

(Submitted November 16, 1938. Resubmitted March 15, 1939. Decided
April 14, 1939.)

[89 Pac. (2d) 602.]

*Messrs. Gunn, Rasch, Hall & Gunn,* for Appellant Mountain States Telegraph and Telephone Company, submitted an original and a reply brief; *Mr. E. M. Hall* argued the cause orally.

190

*Mr. Cale Crowley* and *Messrs. Johnston, Coleman & Jameson,* for Appellant Theodore C. Morrison, submitted a brief; *Mr. Wm. J. Jameson, Jr.,* argued the cause orally.

*Messrs. Crippen & Crippen,* for Respondent, submitted a brief; *Mr. H. C. Crippen* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, a merchant in the town of Custer, brought this action to recover damages as a result of injuries sustained by being struck by an automobile driven by the defendant Morrison, an employee of the defendant company, while crossing as a pedestrian at a street intersection, a federal aid highway passing along Main Street in that town. The verdict and judgment were for the plaintiff. This appeal is from the judgment.

During the progress of the trial separate motions, made on behalf of each defendant, for nonsuit and directed verdict were made and denied. Errors are assigned on these rulings. Both defendants founded their motions upon the ground that plaintiff was guilty of contributory negligence, barring his right to recover, and the defendant Telephone Company moved upon the additional ground that the defendant Morrison was not at the time of the injury acting within the scope of his employment.

Plaintiff's place of business was located at the corner of this street intersection. A concrete sidewalk, 7 feet and 1 inch in width, was along the side of the building occupied by plaintiff on Main Street; this street was 80 feet in width. Along the center of the street for a distance varying from 22 to 24 feet in width was the oiled or paved portion of the highway. On the side of this paved portion, between it and the concrete sidewalk, was a portion of the street 21 feet 9 inches in width, which was graveled. Leading out from the sidewalk to the paved or oiled portion of the street and highway was a concrete crosswalk.

The plaintiff on September 11, 1937, at the hour of approximately 4:30 in the afternoon, desiring to secure some milk from the grocery store across the street, for the purpose of preparing a milk drink for a waiting customer, left his place of business, proceeded across the sidewalk to the curb and looked down the street in a westerly direction. He could see for a distance of some five or six blocks looking westward. He testified that he saw no car approaching within the block. His testimony does not indicate that he looked beyond the block and he testified positively that no car at the time he looked was within this block.

The defendant Morrison was driving his automobile in an easterly direction along the highway on the oiled portion of it at a speed of 45 miles an hour or more according to witnesses for the plaintiff. The plaintiff, after looking to the westward, proceeded in a northerly direction at a rapid walk along the crosswalk onto the paved portion and was struck at or near the center of this portion of the highway by the automobile driven by Morrison. He did not recall looking to the westward after he started along the crosswalk.

It is earnestly contended here that plaintiff could have seen the car driven by Morrison approaching if he had looked, and failing to again look after approaching the edge of the paved portion, he was guilty of contributory negligence as a matter of law.

The traffic regulations through the town of Custer, as indicated by appropriate signs to the westward of the point of the accident, required that the speed through the town should not exceed 25 miles per hour. We have held that a person is presumed to have seen what he could have observed by looking. (*Boepple* v. *Mohalt,* 101 Mont. 417, 54 Pac. (2d) 857.)

At a street crossing a pedestrian need only exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under proper control. Both are required to exercise the degree of care that conditions demand. (*McGregor* v. *Weinstein,* 70 Mont. 340, 225 Pac.

615; *McKeon* v. *Kilduff*, 85 Mont. 562, 281 Pac. 345.) Under the foregoing rule, plaintiff had a right to assume that persons approaching from the west would be driving at a rate of speed not more than 25 miles per hour, and if such were the fact and he had looked upon starting across the street a car traveling at that rate of speed, or less, if he walked rapidly, would not overtake him until he had passed the center line of the paving; whereas one coming at a speed of 45 miles an hour would endanger his passage across the intersection.

In the light of the testimony we cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence, barring his right to recovery, and therefore the trial court properly submitted the question of contributory negligence to the jury.

The defendant Morrison had been employed for some time ██ as a lineman by the defendant Telephone Company at various points in the state. For some three weeks or more preceding this accident, Morrison had been working for the company at Roundup. Prior to that time he was employed by it at Miles City. On the day in question at or near noon he completed his work at Roundup. He was then ordered to report for work at Miles City. The company provided a truck in which the men employed in this "gang" were transported to and from work, and from one town to another. On this day the defendant Morrison was offered the opportunity of riding in this truck from Roundup to Miles City; instead he preferred to take his own private passenger automobile and drive it from Roundup to Miles City in order to transport his wife and children along with him. He paid all the expenses of operating the automobile. He was not required to report at Miles City until time to go to work on the following Monday morning, this accident having occurred on Friday afternoon. He was free to make any choice of routes and make the trip on any day in the interim that suited his convenience. He was paid his usual wages for the afternoon in question by the defendant company, although he was not required to perform any service for them. His superiors knew of his transporting him-

self and family on previous occasions to be at his next place of work, and knew that he used his own automobile in going from Miles City to Roundup to engage in the work there required of him, and at least impliedly consented that he use his own car in returning to Miles City, where he was ordered to report for work on the following Monday, and where he lived before going to Roundup. He was returning to Miles City over the same route when the accident occurred that was traveled by him in going from Miles City to Roundup, and the same route that the company truck used. His regular work required him to move frequently from place to place. He arrived in Miles City on the evening of the same day that he left Roundup, being the day of the accident. He did not deviate from the regularly traveled route from Roundup to Miles City.

Defendant company contends that its motion for nonsuit should have been sustained on the ground that Morrison was not, at the time of the injury to plaintiff, acting within the scope of his employment with the defendant company. Plaintiff takes the view, and we think correctly, that on this point the case is controlled by that of *Meinecke* v. *Intermountain Transp. Co.*, 101 Mont. 315, 55 Pac. (2d) 680, 684. In the *Meinecke Case,* Torgerson, who maintained an office in Anaconda, was employed by the Intermountain Transportation Company. He made a trip to Butte on business for the company, using a car belonging to another company. After transacting the business of the company in Butte he went to Meaderville on a mission of his own and returned to Butte after midnight and then proceeded from there to Anaconda. The accident occurred while he was returning from Butte to Anaconda. This court pointed out that the fact that Torgerson was driving a car not the property of the Intermountain Transportation Company, and one which he ordinarily used for his own personal service, did not preclude recovery against the company. It held that the case was properly submitted to the jury as to the liability of the Transportation Company. The court in that case also observed: "Under the quoted evidence, Torgerson went to Butte at least in part on a mission for the defendant company and

was apparently, viewing the evidence as we must view it, attending to some matters on its behalf in its bus depot while there.''

Hence, the fact that Morrison was partially serving his own purpose in transporting his family with him, does not preclude recovery against the defendant company. The test to be applied, is well stated by Chief Justice Cardozo speaking for the court in *Marks' Dependents* v. *Gray*, 251 N. Y. 90, 167 N. E. 181, 183, where he said: ''The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. (*Clawson* v. *Pierce-Arrow Motor Car Co.*, 231 N. Y. 273, 131 N. E. 914.) If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.''

Morrison's work was of the character that required frequent traveling from place to place. The customary use of his own car with the knowledge of his superiors must be held to have also been with the company's consent and at least implied authority. The fact that the employer furnished a truck with which to transport its employees does not relieve it of responsibility where, as here, it impliedly authorized its employee to use his own car. The fact that the employer furnished a truck for that purpose is proof of the fact that the matter of transporting its employees was part of the business of the employer. (Compare, Restatement Agency, sec. 229, illustration 13.) Additionally, Morrison in making the trip to Miles City was acting in obedience to the command of the defendant company to report there for duty. Where, as here, it authorized the employee to use his own car for the purpose of transporting himself, the employee in so doing was acting within the scope of the business of the employer. The rule is well established by the great weight of authority that the servant's negligent use of his own car in the service of the employer, by the

express or implied authorization of the employer, renders the employer liable for injuries sustained by a third person as a result thereof. (See note in 87 A. L. R. 787, 57 A. L. R. 739, and 112 A. L. R. 920.)

Defendant relies upon the case of *Erickson* v. *Great Northern Ry. Co.,* 191 Minn. 285, 253 N. W. 770, 771. The facts in that case were very similar to those here. But there the servant's superiors did not know that he at any time used his automobile in going over the route on which the accident occurred. Moreover, the only purpose of the employee using his car was to have the car available for use after his day's work was complete. The court was careful to point out that "the transportation here is not of the individual employee, but a transportation by him of his own vehicle for his personal use and for his personal convenience." Whether we would agree with that conclusion on the facts as reported in the case we need not determine here. In the instant case, the employer knew that Morrison used his own car on this and other occasions, and additionally it was being used not solely to transport the vehicle for his use, but for the transportation of Morrison pursuant to the order of the defendant to return to duty in Miles City.

The case of *Khoury* v. *Edison Elec. I. Co.,* 265 Mass. 236, 164 N. E. 77, 60 A. L. R. 1159, and others following it, are also relied upon by defendant company. The *Khoury Case* represents the minority view. It has been expressly repudiated in California (*Cook* v. *Sanger,* 110 Cal. App. 90, 293 Pac. 794), and in effect disapproved in Iowa (*Heintz* v. *Iowa Packing Co.,* 222 Iowa, 517, 268 N. W. 607), and Oregon (*Wilson* v. *Steel Tank & Pipe Co.,* 152 Or. 386, 52 Pac. (2d) 1120), and we in effect repudiated that view in the *Meinecke Case,* supra.

In *Curcic* v. *Nelson Display Co.,* 19 Cal. App. (2d) 46, 64 Pac. (2d) 1153, 1156, the court said: "Appellants contend that there is a general rule that an employee cannot involve an employer in liability for the negligent operation of an automobile by the former in moving from one place to another at the request of his foreman where the auto is the employee's own, registered in his own name, used for his own personal con-

venience in going from one place of work to another, the expense of upkeep of the car not being borne by the employer, and the employer not having power of control over the route, speed, or method of operation of the car and paying the employee no compensation for the use of the car, and to support this alleged general rule quotes from 87 A. L. R. 789. That this is not the general rule is set forth in *Wesolowski* v. *John Hancock Mut. Life Ins. Co.*, 308 Pa. 117, 162 Atl. 166, 87 A. L. R. 787, where it is set forth that the general rule is that if the activity in which the agent was engaged at the time of the tort complained of was within the scope of his employment, the fact that the automobile used by him and which caused the injury, belonged to the agent, will not preclude the person injured in recovering from the employer, if the agent's use of the vehicle was, either expressly or impliedly, authorized by the employer. *This is also the rule in California.* [Citing cases.]''

The court properly submitted to the jury the question of defendant company's liability under the doctrine of *respondeat superior*.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ERICKSON concur.

MR. JUSTICE STEWART:

I concur in the result but not in all that is said in the above opinion. I do not believe this case is similar to the case of *Meinecke* v. *Intermountain Transportation Company* cited therein, or that the cited case constitutes a precedent for the decision of this case.