**Elizabeth BERRETTONI and Barry Berrettoni, a minor, by Elizabeth Berrettoni, his guardian ad litem, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 23424.**

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1970.

Patricia Baptiste (argued), William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander, Atty., Washington, D.C., Moody Brickett, U. S. Atty., for defendant-appellant.

Charles L. Angel (argued), of Berg, O'Connell & Angel, Bozeman, Mont., for plaintiff-appellee.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Appellees brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., to recover for injuries suffered by virtue of the alleged negligence of Ronald Neil Searles in operating an automobile owned by him. The accident occurred in the State of Montana on July 20, 1964. Searles at the time was a member of the United States Air Force with a rank of Airman 2d Class. The sole question presented on this appeal is whether Searles was acting within the

course and scope of his employment at the time of the accident. In resolving this issue, we must apply the *respondeat superior* principles of Montana, the state in which the alleged tort was committed. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); United States v. McRoberts, 409 F.2d 195, 197 (9th Cir. 1969); United States v. Romitti, 363 F.2d 662, 663–664 (9th Cir. 1966).

The District Court considered the contentions of the United States on the issue of *respondeat superior* when it denied the United States' motion for summary judgment. Judge Murray's memorandum and order states the facts as follows:

"On June 16, 1964, Airman Searles left Keesler Air Force Base, Mississippi, on permanent change of station orders transferring him to Ellsworth Air Force Base, South Dakota. In those orders Searles was authorized to travel by privately owned automobile and was granted 30 days delay in reporting, chargeable as leave and an additional six days travel time, not chargeable as leave. He was required to report at Ellsworth not later than July 21, 1964. He proceeded from Keesler AFB to his home in Oregon, where he spent his leave, and he was enroute from his home in Oregon to Ellsworth AFB, when the accident in question occurred on July 20, 1964, about 15 miles west of Three Forks, Montana, on U.S. Highway 10. The Air Force knew of Searles intended trip to Oregon for it was advised of the address while on leave."

The court determined on these facts that under Montana law Searles was acting within the course and scope of his employment. The court's memorandum states:

"In Webster v. Mountain States T. & T. Co., [108 Mont. 188] 89 P.2d 602, one Morrison, an employee of the defendant company, finished his work for the company at Roundup, Montana, at about noon on a Friday, and was ordered by the company to report for work the following Monday at Miles City, Montana. He could have made the trip from Roundup to Miles City in a truck furnished by the defendant company for that purpose, but chose instead to drive his own personal car and transport his family. He paid all of the expenses of operating the automobile, and the court pointed out that 'he was free to make any choice of routes and make the trip on any day in the interim (between Friday afternoon and Monday morning) that suited his convenience.' On the trip Morrison negligently struck the plaintiff with his car and plaintiff sued, and in the course of affirming a judgment for the plaintiff, the Montana Supreme Court stated in part at page 605 of 89 P.2d as follows:

'Additionally, Morrison in making the trip to Miles City was acting in obedience to the command of the defendant company to report there for duty. Where, as here, it authorized the employee to use his own car for the purpose of transporting himself, the employee in so doing was acting within the scope of the business of the employer. The rule is well established by the great weight of authority that the servant's negligent use of his own car in the service of the employer, by the express or implied authorization of the employer, renders the employer liable for injuries sustained by a third person as a result thereof. See Note in 87 ALR 787, 57 ALR 739, and 112 ALR 920.'

See also Meinecke v. Intermountain Transportation Co., [101 Mont. 315], 55 P.2d 680 (1936) and Doheny v. Coverdale, [104 Mont. 534], 68 P.2d 142 (1937).

"The government contends, however, that by reason of the fact Searles was granted 30 days leave and also because he was not on a direct route between Keesler and Ellsworth, the result should be different.

"As to whether Searles was on leave, under the Air Force's own regulations, his leave had expired at the time of the

accident and he was in an official travel status, not chargeable as leave, at that time. No doubt, if the accident had happened between Keesler and Searles' home in Oregon at a time when he was officially on leave, the result might be different, but the leave had expired and he was on official travel time.

"As for the deviation from the direct route, in the Webster case, supra, the Montana Supreme Court pointed out that Morrison was free to choose any route he wished and travel on any day he desired between Friday and Monday and these choices of route and time were not found to change the result. In speaking of deviations from directions by an employee in carrying out the employer's business, in Staff v. Montana Petroleum Company [88 Mont. 145], 291 P. 1042 at 1045, the Montana Supreme Court said:

'A servant may abandon his master's employment for the time to accomplish some purpose of his own. If in accomplishing this purpose he does an injury to another, his master is not liable; but a mere deviation from the master's directions with reference to the business in which he is employed is not an abandonment of his employment, and so long as he is doing some act in furtherance thereof he will be regarded as acting within the scope, and the master will not be excused on the ground that he did not authorize the particular act or that he had no knowledge of it, or that in doing it, the servant exceeded his authority.'

"Searles definitely had not abandoned his employment as an airman at the time of the accident. On the contrary, he was in the process of carrying out that employment by proceeding to Ellsworth to report, and his deviation from the direct route was with the knowledge and consent of the Air Force.

"In the Webster case, supra, [89 P. 2d], at page 605, the Montana Supreme Court quoted with approval from the New York case of Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183, as follows:

'The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. (Citing case). If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.'

"Here the only purpose of Searles' travel toward Ellsworth at the time of the accident was the business purpose. There was no personal purpose involved."

For the reasons set forth in Judge Murray's memorandum and order as quoted,

Judgment is affirmed.