NO.   94-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CHARLES R. TAYLOR,

      Petitioner and Appellant,

  and

MARILYN J. TAYLOR,

      Respondent and Respondent.

FILED

JUL 06 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
              In and for the County of Park,
              The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Karl Knuchel, Attorney at Law,
          Livingston, Montana

      For Respondent:

          K. Amy Pfeifer, Special Assistant Attorney
          General  Department of Social and
          Rehabilitation Services, Child Support
          Enforcement Division, Helena, Montana


Submitted on Briefs:   April 6, 1995

Decided:   July 6, 1995

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The State of Montana Department of Social and Rehabilitation Services, Child Support Enforcement Division (CSED), initiated an income withholding proceeding against Charles R. Taylor pursuant to §§ 40-5-202, -401 through -443, MCA, for past child support which it alleged had not been paid. Charles requested an "in-person" administrative hearing pursuant to § 40-5-414, MCA, to contest the accuracy of the child support amount claimed. The request for an "in-person" hearing was denied; a telephonic hearing was held; and the Administrative Law Judge found that Charles owed $22,900 for past child support and ordered that the CSED could proceed with delinquency income withholding pursuant to § 40-5-415, MCA. Charles petitioned for judicial review in the District Court for the Sixth Judicial District in Park County. The District Court reduced the amount owed to $20,900, but otherwise affirmed the procedure, findings, and conclusions of the Administrative Law Judge. Charles appeals from the order of the District Court. We reverse the District Court, vacate the income withholding decision and order, and remand for further proceedings.

The dispositive issue on appeal is whether the District Court erred when it affirmed the Administrative Law Judge's denial of Charles' request for an "in-person" hearing?

FACTUAL BACKGROUND

In 1981, the Sixth Judicial District Court entered a decree dissolving the marriage of Charles and Marilyn Taylor. Marilyn was awarded custody of the couple's three children and Charles was

2

ordered to pay child support in the amount of $125 per month per child. In 1982, after the dissolution, Marilyn and the three children moved from the family home in Livingston to Texas.

In January 1984, the couple's son, Randy, moved back to Montana to live with his father, and continued to live with him until he reached the age of majority. The couple's oldest daughter, Amy, moved back and forth between Texas and Montana periodically. However, she lived primarily with her maternal grandparents in Livingston from May 1985 until she reached the age of majority on December 30, 1990. The couple's youngest daughter, Jennifer, resided with her mother, except for periodic visits with Charles, until September 1992, when she moved back to Montana to permanently reside with Charles.

In 1992, the Texas Attorney General's Office requested the CSED to pursue an income withholding proceeding against Charles pursuant to §§ 40-5-202, -412, MCA, to collect child support payments which Marilyn alleged were past due and remained unpaid. Charles was sent notice of the CSED's intent to withhold money from his earnings; however, he disputed the amount claimed and requested a hearing pursuant to § 40-5-414, MCA. At the time of his request for a hearing, he also requested that it be "in-person." In reliance on 46.30.607(1), ARM, the Administrative Law Judge denied Charles' request for an "in-person" hearing, but granted him leave to resubmit his motion following a telephonic hearing if he could establish substantial prejudice.

The administrative hearing was held on October 18, 1993, by telephone. The Administrative Law Judge presided from Helena; Charles testified from his attorney's office in Livingston; Marilyn testified from Garland, Texas; and Karen Trettin, an investigator for the CSED, testified from her office in Helena. Jennifer and Amy testified from other locations which were not specifically identified. The quality of the telephonic connection was apparently poor. Amy complained of being unable to hear the others. They in turn complained of difficulty understanding her; and at one time while Marilyn was talking, everyone had difficulty identifying the speaker.

During the hearing, Marilyn and Charles basically agreed on the whereabouts of their children since their dissolution, and there was no apparent dispute regarding the amount that Charles did or did not pay for child support since the dissolution.

The disputed issue between the parties was whether Charles' child support obligation had been modified by an oral agreement in 1986. Charles testified that when Amy began living with her grandparents, Randy was living with him, and Jennifer still resided with her mother, the couple agreed not to exchange child support payments since each parent had one child and the third child was living elsewhere. He claimed that pursuant to the oral agreement, and our decision in *In re Marriage of Sabo* (1986), 224 Mont. 252, 730 P.2d 1112, Marilyn is estopped from claiming any further child support obligation after that point in time.

Marilyn testified that she did agree to waive Charles' obligation to pay support for Randy, but adamantly denied any other agreement.

Amy and Jennifer both testified that there had been an agreement similar to the one described by Charles, but that their mother repudiated the agreement during an angry confrontation with Charles at Randy's graduation.

The Administrative Law Judge found that Charles had not proven by sufficient evidence the necessary basis for estoppel, but concluded that Charles did not owe child support for Randy and Jennifer during those periods of time when they lived with him. He concluded that Charles owed $22,900 for past due support and authorized the CSED to proceed with delinquency income withholding pursuant to § 40-5-415, MCA.

Charles did not renew his request for an "in-person" hearing at the conclusion of his telephonic hearing, nor following issuance of the Administrative Law Judge's decision. He did, however, raise the denial of his original request on appeal to the District Court as one basis for reversal of the administrative decision.

## DISCUSSION

Did the District Court err when it affirmed the Administrative Law Judge's denial of Charles' request for an "in-person" hearing?

Since this case involves the application of Montana law to undisputed facts, we will review the District Court's application of the law to determine if it was correct. *In re Marriage of Barnard*

(1994), 264 Mont. 103, 106, 870 P.2d 91, 93 (citing *In re Marriage of Burris* (1993), *258* Mont. 265, 269, 852 P.2d 616, 619).

Charles contends that denial of his request for an "in-person" hearing in favor of a telephonic conference call violated his right to confront witnesses, which is guaranteed by Rule 611(e), M.R.Evid., and our recent decision in *In re Marriage of Bonamarte* (1994), 263 Mont. 170, 866 P.2d 1132. He contends that he was adversely affected by the denial of this right because the issues of whether he owed past due support, and if so, how much, depended on whether his child support obligation had been orally modified, and that that determination depended upon the credibility of two witnesses who directly contradicted each other.

Rule 611(e) is made applicable to administrative proceedings pursuant to § 2-4-612(2), MCA, which provides as follows: "Except as otherwise provided by statute relating directly to an agency, agencies shall be bound by common law and statutory rules of evidence."

Rule 611(e), M.R.Evid., provides that:

Except as otherwise provided by constitution, statute, these rules, or other rules applicable to the courts of this state, at the trial of an action, a witness can be heard only in the presence and subject to the examination of all the parties to the action, if they choose to attend and examine.

(Emphasis added.)

In *Bonamarte,* we recently held that telephonic testimony was inconsistent with this right to confront witnesses. We held that:

If the phrase "a witness can be heard only in the presence and subject to the examination of all the

6

> parties . ." is to have any meaning, then, in the
> absence of a specific rule or statutory exception to the
> contrary, the witness must be physically present in the
> courtroom to testify personally at trial unless all
> parties and the court agree to a different method of
> examination which protects the parties' rights of
> confrontation and cross-examination and, at the same
> time, allows the fact finder to assess the witness'[s]
> credibility, testimony and the evidence presented.
>
> Here, it was impossible for the court to make a
> determination as to the relative credibility of the
> party-witnesses because it did not have an opportunity to
> observe the testimony of both Mark and Judith. The
> parties in a dissolution action often deliver conflicting
> evidence, and it is the court's role to determine who is
> the more credible witness. This can be accomplished most
> effectively by observing each party's demeanor during
> testimony.

*Bonamarte*, 866 P.2d at 1135.

Furthermore, in *Bonamarte, 866* P.2d at 1137, we followed *State ex rel. Juvenile Dept. v. Gates* (Or. 1987), 740 P.2d 217, 218, for the conclusion that "'[t]he opportunity to observe a witness is so critical to judicial control and effective cross-examination that its denial is manifestly prejudicial.'" We held that:

> [T]he District Court abused its discretion in allowing
> Judith to testify by telephone over objection at the
> hearing on the merits. We reverse and remand for a new
> trial in order to allow Mark a meaningful opportunity to
> "confront" the witness and to effectively cross-examine
> and in order to afford the opportunity for the trial
> court to observe the witness and make its determination
> as to her credibility.

*Bonamarte*, 866 P.2d at 1137.

The CSED first argues that Charles was barred from raising the denial of an "in-person" hearing in District Court because he failed to exhaust his administrative remedies, as required by § 2-4-702, MCA, when he did not renew his request for that type of

7

hearing at the conclusion of his telephonic hearing. However, we conclude that if Charles had a right to an "in-person" hearing in the first place, it was no remedy to require that he first incur the substantial expense of participating in an adversarial proceeding which was procedurally and statutorily defective before he could assert that right. Based on the cost of modern litigation, it is little consolation to a litigant that he or she will be afforded procedural rights only after being forced to participate in a proceeding during which they are denied.

The CSED next contends that there is an exception to the confrontation requirement of Rule 611(e), M.R.Evid., where provided by statute, and that this exception was recognized in *Bonamarte*. The CSED points out that § 40-5-414(3), MCA, authorizes "tele-conferencing" in child support enforcement proceedings, and that 46.30.607(1), ARM, gives the Administrative Law Judge the discretion to deny an "in-person" hearing unless substantial prejudice can be shown at the conclusion of the telephonic hearing.

Section 40-5-414(3), MCA, provides that: "The administrative hearing must be held by teleconferencing methods <u>unless the obligor or the department expressly requests an in-person hearing before the hearing examiner</u>." (Emphasis added.)

Section 46.30.607(1), ARM, provides that:

Administrative hearings, unless the hearing officer expressly orders to the contrary, shall initially be conducted by telephone conferencing methods. At the request of a party and upon a showing that the party's case was substantially prejudiced by the lack of an in-person hearing, the hearing officer may, at the close

of a telephone hearing, grant a de novo in-person hearing.

We conclude that § 40-5-414(3), MCA, provides no support for the CSED's position. It provides that "in-person" hearings shall be allowed where either party requests one. In this case, Charles made such a request.

Furthermore, rules adopted by administrative agencies which conflict with statutory requirements or exceed the authority provided by statute, are invalid. Section 2-4-305(6), MCA; *Board of Barbers v. Big Sky College* (1981), 192 Mont. 159, 161, 626 P.2d 1269, 1270-71. Finally, 46.30.607(1), ARM, is not a rule "applicable to the courts of this state," and therefore, could not justify the proceeding in this case, even if it was validly enacted.

Section 40-5-414(3), MCA, provides, without qualification, that an obligor is entitled to an "in-person" hearing when he or she requests one. To accept the CSED's premise would require that we ignore the plain language of that statute.

Based upon the right to confrontation provided in Rule 611(e), M.R.Evid., our decision in *Bonamarte*, and § 40-5-414(3), MCA, we conclude that when Charles requested an "in-person" hearing to challenge the accuracy of the CSED's income withholding proceeding he was entitled to an "in-person" hearing, and the District Court erred when it affirmed the Administrative Law Judge's denial of that request. We further conclude that because the amount of Charles' past child support obligation depended on the existence or absence of an oral modification agreement, pursuant to our decision

9

*in Sabo,* and since the determination of whether such an agreement existed depended on the credibility of Charles and Marilyn--the two principal witnesses--Charles' substantial rights were prejudiced by the Administrative Law Judge's denial of his request for an "in-person" hearing.

For these reasons, we reverse the order of the District Court; we vacate the decision of the Administrative Law Judge; and we remand this case to the District Court, and ultimately to the administrative agency, for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices.

10

July 6, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

KARL KNUCHEL
Attorney at Law
P.O. BOX 953
LMNGSTON, MT 59047

K. AMY PFEIFER
Spec. Ass. Attorney General
3075 N. Montana, Suite 112
Helena, MT 59604

PAT WASHAM
Office of Attorney General
3400 Carlisle, Suite 410
Dallas, TX 75204-1263

MARILYN J. TAYLOR
5226 Broadway Blvd., Apt. #2079
Garland, TX 75041

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy