No. 01-130

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 82

RODNEY ALLEN WEST,

Petitioner,

MIKE MAHONEY, Warden;

MONTANA STATE PRISON,

Respondents.

OPINION AND ORDER

¶1 The Petitioner, Rodney Allen West, has petitioned this Court for a writ of habeas corpus pursuant to §§ 46-22-101 through 307, MCA.

¶2 In support of his petition, West alleges that he was found guilty in 1988 of theft and sentenced in 1989 to ten (10) years for theft with an additional thirty (30) year sentence because of the determination that he was a persistent offender. He was also designated a dangerous offender for purposes of parole eligibility. He alleges that his continued incarceration is illegal because at his parole hearing on December 27, 2000, only one member of the Board was present. He contends that pursuant to §§ 46-23-201 and 202(2), MCA (1981), he had a right to appear in front of the full Parole Board. He also contends that the Board's decisions are required by § 46-23-107 to be made by majority vote and are required by rule to be signed by two Board members. Finally, he contends that he had a liberty interest in parole which he was denied because he met the criteria for parole and because he was denied due process.

¶3 In response, the Respondent, Mike Mahoney, concedes that because West was convicted prior to March 20, 1989, he had a "liberty interest" in parole and that due

process and the provisions of § 46-23-201 require that the Board of Pardons personally interview him prior to making a determination about his parole. We so held in *Sage v. Gamble* (1996), 279 Mont. 459, 929 P.2d 822. However, the respondent contends that pursuant to our later order in *Radford v. Mahoney*, Montana Supreme Court No. 98-150 (decided July 14, 1998), not all members of the Board are required to be present for the personal interview with the inmate. Furthermore, respondent contends that § 46-23-104(4)(a), MCA, specifically provides that the Board may delegate the responsibility for parole eligibility interviews to one of its members.

¶4 Finally, the respondent contends that the bases for denial of West's parole as documented by his case disposition form are consistent with those factors the Board was required to consider pursuant to § 46-23-202, MCA, and that, therefore, its disposition of his case was not illegal.

¶5 In *Sage v. Gamble* we were asked to decide whether a prisoner's right to due process was denied when his parole eligibility interview was conducted by a staff member employed by the Board of Pardons and he was denied the opportunity to personally appear before the Board at his parole hearing. Relying on language from *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex* (1979), 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 68 L.Ed.2d 668, we concluded that:

> It is reasonable, therefore, to infer from the *Greenholtz* opinion that the opportunity of a parole applicant to appear before those entrusted with the subjective responsibility of passing judgment on his or her application is an important element of the due process to which the applicant is entitled.

279 Mont. at 466.

¶6 We pointed out that § 46-23-202(2), MCA (1981), which is also applicable to West, required that before ordering parole the Board is required to interview the prisoner and that Rule 2.25.401, ARM, adopted by the Board to implement the preceding statutory obligation required that the prisoner be brought before the Board and that the hearing be conducted at the direction of the chairman. We stated:

> Based on the plain language of both § 46-23-202, MCA (1981), and Rule 20.25.401, ARM, an inmate who is eligible for parole is clearly provided the right to personally appear at an interview before the Parole Board prior to the Board's decision to grant

or deny the application for parole. . . .

279 Mont. at 466.

¶7 We acknowledged that § 46-23-104(4), MCA, which is again relied on by the respondents in this case, provided for interviews by staff members but concluded that:

> [A]n interpretation which relieves the Board of its duty to personally interview an inmate would unconstitutionally deny the inmate his right to due process guaranteed by the Fourteenth Amendment to the U. S. Constitution, and independently by Article II, Section 17, of the Montana Constitution, by denying him an opportunity to be heard by those who will decide the merits of his application. *See, e.g., Greenholtz*, 442 U.S. at 16, 99 S.Ct. at 2108. It is our duty to construe statutes, where possible, in a manner that withstands constitutional scrutiny. *State v. Martel* (1995), 273 Mont. 143, 148, 902 P.2d 14, 17.

279 Mont. at 467.

¶8 In language particularly applicable to the facts before us we held that:

> Therefore, we interpret § 46-23-104(4), MCA (1981), to permit the Board to designate one of its members, one of its staff members, or any other adult correctional releasing authority to conduct a prehearing interview of an inmate relative to parole eligibility for the purpose of assisting the Board and expediting the hearing process. However, the prehearing interview does not, and cannot substitute for the applicant's constitutional right to personally appear before the Board.
>
> To ignore the importance of an inmate's opportunity to appear before those who will personally decide the merits of his or her parole application is to ignore the subjective nature of the decision and the statutory requirement that those vested with such responsibility possess specific qualifications. . . .

279 Mont. at 467.

> We hold that due process requirements of both the federal and state constitutions, and the clear mandate of § 46-23-202, MCA (1981), compel the Board of Pardons to personally interview a parole-eligible inmate, who has a liberty interest in parole, at the time fixed by law.

279 Mont. at 468.

¶9 Respondent contends that its action in this case was permissible because the full Board ultimately participated in the decision to deny West parole and because in *Radford v. Mahoney*, Montana Supreme Court No. 98-150 (July 14, 1998), we held that not all members of the Board are required to be present for the personal interview of the inmate. However, we note an inconsistency between the copy of the "case disposition" attached to West's petition for habeas corpus and the copy of the same "case disposition" attached to the respondent's response to West's petition. The copy attached to West's petition is signed by only one Board member and was presumably presented to him in that form. The copy attached to the respondent's response is signed by two Board members, however, it is undisputed that only the first signator interviewed West.

¶10 We conclude that the respondent's arguments are unpersuasive and that to the extent that our Order in *Radford* is inconsistent with our reported decision in *Sage v. Gamble*, it is unpersuasive. Section 46-23-107, MCA (1981), requires that "decisions of the Board shall be by majority vote. . . ." We held in *Sage v. Gamble* that because of the subjective nature of the Parole Board's decision, to deny an inmate the opportunity to appear before those who will personally decide the merits of his or her parole application implicates his or her right to due process. Those rights are no less implicated because an inmate has the right to appear before one Board member when a vote by a majority of the Board members is required for a decision.

¶11 Therefore, West's petition for a writ of habeas corpus is granted to the limited extent that we conclude it was not adequate for the Board to provide an interview by fewer members than were required to decide his application for parole. For this reason,

¶12 IT IS HEREBY ORDERED that this case is remanded to the Board of Pardons for further proceedings to be conducted as expeditiously as possible at which the petitioner, Rodney Allen West, is to be provided with an opportunity to appear before a sufficient number of members of the Board of Pardons so that those who decide his case will have done so based on a personal interview.

¶13 The Clerk of Court is directed to mail a copy of this Order to Rodney Allen West, AO 15264, Dawson County Correctional Center, 440 Colorado Blvd., Glendive, Montana 59330, and to Colleen Graham White, Department of Corrections, P.O. Box 201301,

Helena, Montana 59620, on behalf of the respondents.

DATED this 3rd day of May, 2001.

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER

Justice Jim Rice dissenting.

¶14 I respectfully dissent from the Court's opinion herein.

¶15 In October 2000, Petitioner West personally appeared for his interview before Board member Wilson, providing him an opportunity to review his record and to be heard in regard to his parole. At that time, he requested that the Board not render its decision until he could present witness testimony. The full Board then reviewed the matter and, responding to the Petitioner's request, issued a continuance and granted Petitioner a second opportunity to appear before Board member Wilson in December 2000, at which time Petitioner presented video tape testimony. A final case disposition was then issued by Board members Wilson and Fleming, recommending Petitioner's placement in a community-based prerelease program.

¶16 In *Greenholtz*, the United States Supreme Court held that state parole procedures must provide prisoners with an effective opportunity to, first, insure that the records before a parole board are, in fact, related to the prisoner's case, and, second, to present any special considerations why the prisoner is an appropriate candidate for parole. Relying on *Greenholtz*, this Court, in *Sage,* held that the Board of Parole violated Sage's due process rights when it delegated the prisoner's pre-parole interview, required under § 46-23-202, MCA (1981), to the Board's executive secretary. In so doing, the Court in *Sage* interpreted §46-23-104(4), MCA (1981), which specifically authorizes the Board to delegate a parole interview to its staff or, as applicable here, to one of the members of the Board, as

applying only to a "pre-hearing interview" that does not satisfy the parole interview requirement of §46-23-202, MCA.

¶17 The physical realities of Montana inmates located in various facilities inside and outside of the state, and a Parole Board comprised of citizen members, illustrates the practical need met by the Legislature when it enacted § 46-23-104(4), MCA, specifically authorizing the Board to delegate a parole interview to one of its members. The Court in *Sage*, and again herein, by interpreting § 46-23-104(4), MCA, as applying to a "pre-hearing interview" that is different than the statutory parole interview, has eliminated the purpose for which the provision was enacted by the Legislature.

¶18 Further, as the Court observes, the practice of delegating the parole interview to a single member of the Board was upheld by this Court in *Radford v. Mahoney*. While I am uncomfortable in referencing the unpublished *Radford* decision, the Court has done so in its opinion, and a response is appropriate. In *Radford*, the Court noted that the *Sage* holding required the Board to conduct its own personal interview of a parole-eligible inmate, but that it did not hold that all members of the Board needed to be present for the personal interview. The Court in *Radford* concluded that Montana law did not require the pre-parole interview to be conducted before the entire Board.

¶19 The actions taken in this matter by the Board provided an effective opportunity for the Petitioner to review the file, to be personally heard and to present evidence regarding his parole. The Board thus fulfilled the due process requirements established in *Greenholtz.* "Due process is flexible and calls for such procedural protections as the particular situation demands." *Greenholz*, 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 Led.2d 668. I would hold that Petitioner's due process rights were not violated herein by the Board of Pardons, that §46-23-104(4), MCA, properly authorizes delegation of the pre-parole interview to a single Board member, and would deny the petition.

/S/ JIM RICE

I join in the foregoing dissent of Justice Rice.

/S/ KARLA M. GRAY