No. 01-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 201

OPINION AND ORDER

LAWRENCE HANEY,

Petitioner,

v.

MIKE MAHONEY, Warden of Montana State

Prison, et al., MONTANA BOARD OF PARDONS

AND PAROLE,

Respondents.

¶1 The Petitioner, Lawrence Haney, has petitioned this Court for writ of habeas corpus directing the Respondent, Montana Board of Pardons and Parole, to grant him immediate parole and the Respondent Mike Mahoney to authorize his immediate release from the Montana State Prison.

¶2 In support of his petition, Haney alleges that at the time scheduled for his appearance before the Board on February 21, 2001, he was actually only permitted a brief appearance before Craig Thomas, a hearings officer for the Board. Following that appearance, he was denied parole by the Board. He alleges that he was entitled to appear before the "full board" and that the denial of that opportunity violated his constitutional right to due process and § 46-22-101, MCA. He also contends that ARM 20.25.401 requires an informal interview "before the parole board" which must be conducted under the direction of the chairman of the Board. Haney finally contends that reasons for denial of parole such as "prior criminal record" and "the nature and circumstances of the crime" are insufficient reasons and are simply repetitious of factors already taken into consideration by the court

in which he was sentence

¶3 For their original response, Mahoney and the Board conceded that Haney was denied parole on February 28, 2001, without the benefit of a personal appearance before the Board but contended that since he had no liberty interest in parole, he was not entitled to corresponding procedural protections which would give rise to a claim that his right to due process was denied. The respondents pointed out that § 46-23-201, which formerly served as the statutory basis for a liberty interest in parole, was amended in 1989 to make the award of parole permissive and that it is the amended statute which applied to Haney. Respondents contend that they have satisfied their only obligation which was to provide Haney with an opportunity to be heard and a written statement of the reasons for denying parole. They contend that our recent decision in *West v. Mahoney*, 2001 MT 82, 305 Mont.117, 22 P.3d 201, is inapplicable because the petitioner in that case had a "liberty interest" which was the basis for greater procedural protection. Finally, respondents contended that pursuant to § 46-23-104(4), the Board was authorized to delegate Haney's interview to a hearings officer and that it satisfied its statutory obligation imposed pursuant to § 46-23-107 when the final decision was made by a majority of the Board members.

¶4 On July 24, 2001, we issued an order in which we agreed that because Haney was sentenced after 1 989, he did not have a constitutionally-protected liberty interest in parole. However, we noted that § 46-23-202, MCA (1997), was in effect at the time that Haney was sentenced and required in subparagraph (2)(a) that "before ordering the parole of any prisoner, the board shall conduct a hearing and interview the prisoner." We noted that the respondents had failed to address the merits of Haney's claims based on this statutory authority and ordered the respondents to respond to claims based on the applicable statutes. They have now done so.

¶5 Respondents contend that if Haney had requested the opportunity to do so, he would have been allowed to call witnesses on his behalf, that they considered the required statutory factors prior to rendering their decision, and that a quorum of the Board met and reviewed the information gathered by its hearings officer, Craig Thomas. The respondents contend, however, that there is no statutory requirement that petitioner personally appear before a majority of the Board and that his procedural rights were satisfied by the interview conducted by a designated hearings officer. Respondents contend they are authorized by § 46-23-104(4), MCA (1997), to delegate the "hearing and interview" to one of the Board's staff members. Respondents further contend that pursuant to the Board's

rule making authority and ARM 20.25.401(3), "all interviews and hearings before the board shall be conducted informally under the direction of the chair, designated chair or designated hearings officer." The Board contends that it fulfilled its requirement to "conduct a hearing and interview the prisoner" when it delegated this function to Craig Thomas, Executive Director of the Board. It relies on legislative history in support of the Board's need to delegate the hearing and interview function.

¶6 While we are mindful of the Board's rule making authority, we are also mindful that state agencies may not enact administrative rules inconsistent with statutory law.

> [R]ules adopted by administrative agencies which conflict with statutory requirements or exceed authority provided by statute, are invalid.

*Taylor v. Taylor (1995), 272 Mont. 30, 36, 899 P.2d 523, 526; See § 2-4-305(6), MCA.*

¶7 Furthermore, while legislative history may be helpful to interpret ambiguous terms of statutory law, we will not rely on legislative history to contradict the plain language of statutory law when it is clear on its face.

> In analyzing a statute, courts determine legislative intent by first looking to the statute, and if the legislature's intent is clear from the language of the statute, courts look no further.

*Luciano v. Northwest Pipe and Casing Co. (1994), 264 Mont. 148, 151, 870 P.2d 99, 101.*

¶8 Therefore, we must first consider the applicable statutory law. Section 46-23-202, MCA (1997), provides in relevant part that:

> (2) Before ordering the parole of any prisoner, the Board shall:

> (a) *Conduct a hearing and interview the prisoner.* At the time of the hearing, the board shall receive relevant statements from interested persons and any person may be represented by a counsel, provided that the board has the power to regulate procedures at all hearings.

¶9 Section 46-23-202, MCA (1997), clearly requires that before consideration of a prisoner's application for parole, the Board shall conduct a hearing at which statements

from interested persons shall be considered. The Board, however, contends that it had authority to delegate the responsibility pursuant to § 46-23-104, MCA (1997), which provides in relevant part that:

> (4) The board may designate one of its members, one of its staff members, or any other adult correctional releasing authority to conduct interviews relative to:
>
> (a) parole eligibility;
>
> (b) plans for release on parole; or
>
> (c) revocation hearings.

¶10 We conclude that the plain language of § 46-23-104, MCA (1997), does not permit the Board to designate a staff member to conduct the hearing required by § 46-23-202, MCA (1997). That statute clearly requires both a hearing and an interview of the prisoner. The statute relied on by the Board authorizes only delegation of "interviews." The fact that the interviews may relate to parole eligibility does not eliminate the separate statutory requirement for a hearing conducted by the Board.

¶11 For these reasons, we conclude that the Petitioner, Lawrence Haney, was denied his statutory right to a hearing before the Board when the Board denied his parole without giving him an opportunity to personally appear before the Board and when it delegated its hearing responsibility to a hearings officer. Therefore,

¶12 IT IS HEREBY ORDERED that the decision of the Montana Board of Pardons and Parole denying the petitioner's parole application is vacated and this matter is remanded to the Board for reconsideration of Haney's application after providing him with an opportunity to appear before and present witnesses on his behalf to the Board.

¶13 The Clerk of Court is directed to notify the parties of this Order by mailing a copy to Colleen Graham White, Special Assistant Attorney General, P.O. Box 201301, Helena, Montana 59602-1301; and to Lawrence Haney, AO #28169, Montana State Prison, 700 Conley Lake Road, Deer Lodge, Montana 59722.

DATED this 4th day of October, 2001.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JIM RICE

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART