DA 09-0182

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 381N

JOE KAPPHAN,

      Plaintiff and Appellant,

  v.

TOM VINCENT and DANIELLE VINCENT,

      Defendants and Appellees.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2008-079
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Richard J. Pyfer, Patrick T. Fox, Doubek & Pyfer, LLP, Helena, Montana

      For Appellee:

          Curt Drake, Trevor L. Uffelman, Drake Law Firm, P.C., Helena, Montana

Submitted on Briefs:  September 23, 2009

Decided:  November 10, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joe Kapphan (Kapphan) appeals from a grant of summary judgment in the First Judicial District Court. We affirm.

¶3 On May 26, 2007, Kapphan was playing a football-type game called "500" with a group of children at the home of a friend. One of the children threw a long pass which Kapphan attempted to catch. As Kapphan ran to catch the ball, he entered the property of defendants Tom and Danielle Vincent (Vincents). Kapphan asserts that the boundary line of the Vincents' property was not clearly marked. Kapphan was looking back toward the ball as he was running forward. As he ran forward, Kapphan struck a wellhead casing on the Vincents' property and sustained injuries. Kapphan asserts that he did not see the wellhead casing because it was obscured by weeds.

¶4 On January 18, 2008, Kapphan filed suit against the Vincents. Kapphan asserted that the Vincents had a duty to keep their property safe and warn him of any hidden or lurking dangers. He asserted that the Vincents breached this duty because they permitted weeds to obscure the wellhead casing which injured him.

¶5     The Vincents moved for summary judgment, arguing that they were shielded from liability under § 70-16-302(1), MCA, which reads in pertinent part as follows:

> A person who uses property, including property owned or leased by a public entity, for *recreational purposes*, with or without permission, does so without any assurance from the landowner that the property is safe for any purpose if the person does not give a valuable consideration to the landowner in exchange for the recreational use of the property. The landowner owes the person no duty of care with respect to the condition of the property, except that the landowner is liable to the person for any injury to person or property for an act or omission that constitutes willful or wanton misconduct. For purposes of this section, valuable consideration does not include the state land recreational use license fee imposed under 77-1-802 or other funds provided under 77-1-815.

(Emphasis added).

¶6     The District Court granted summary judgment to the Vincents pursuant to this statute. The District Court determined that the facts were not in dispute and that the only pertinent question was whether the Vincents owed Kapphan a legal duty when he entered their property. The District Court noted that § 70-16-301, MCA, defines "recreational purposes" to include "hunting, fishing, swimming, boating, waterskiing, camping, picnicking, pleasure driving, biking, winter sports, hiking, touring or viewing cultural and historical sites and monuments, spelunking, or other pleasure expeditions. The term includes the private, noncommercial flying of aircraft in relation to private land." The District Court concluded that the game of "500" which Kapphan was playing when he was injured constituted a "recreational purpose" within the meaning of § 70-16-302, MCA. Thus, the Vincents did not owe Kapphan a legal duty and his suit against them was barred.

3

¶7     Kapphan argues the District Court erred in granting summary judgment to the Vincents. Kapphan argues § 70-16-302, MCA, does not apply in this case. First, Kapphan claims that he never "used" the Vincents' property because his entrance was momentary, unintentional, and inadvertent. Kapphan claims that use of property must be "intentional" for § 70-16-302, MCA, to apply. Second, Kapphan claims that the game of "500" does not qualify as a "recreational purpose" within the meaning of the statute. Kapphan argues that the term "recreational purpose" has a specific, technical meaning which does not include ball-sports like "500."

¶8     We review a grant of summary judgment de novo, applying the same evaluation as the district court under M. R. Civ. P. 56(c). *Bowyer v. Loftus*, 2008 MT 332, ¶ 6, 346 Mont. 182, 194 P.3d 92. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Bowyer*, ¶ 6.

¶9     The District Court did not err in granting summary judgment to the Vincents. We conclude that the plain language of § 70-16-302, MCA, is clear on its face and controls in the instant case, requiring no resort to legislative history. *See Haney v. Mahoney*, 2001 MT 201, ¶ 7, 306 Mont. 288, 32 P.3d 1254. This statute states that a landowner does not owe a duty of care—aside from acts of willful or wanton misconduct—to a person who uses his or her property for a recreational purpose, unless that user gives the landowner valuable consideration. Contrary to Kapphan's assertion, the statute does not require that the "use" of the property be intentional in nature, as opposed to inadvertent or unintentional. Kapphan did not give the Vincents any valuable consideration for the use of their land, even though his use was very brief in duration. Accordingly, § 70-16-302,

4

MCA, applies to bar Kapphan's suit if his use of the Vincents' property was for a "recreational purpose."

¶10   As the Vincents note, the definition of a "recreational purpose" contained in § 70-16-301, MCA, is not exclusive. It lists a variety of activities, and then states "or other pleasure expeditions." Kapphan urges this Court to interpret the statute and the phrase "other pleasure expeditions" in a highly technical manner to exclude ball-sports such as the game of "500." This argument is contrary to logic and the plain usage of language. First, the statute specifically lists "winter sports" as included in its ambit. Outdoor hockey is a winter sport, and uses a puck. It would be illogical to conclude that outdoor hockey, played on a frozen neighborhood pond, would be included within the ambit of the statute, but "500" or other like games would not, simply because one type of activity uses a ball, and the other uses a puck. Secondly, the phrase "recreational purpose," as commonly understood and used in common parlance, would clearly include games such as soccer, Frisbee, basketball, football, "500," or a variety of other pursuits which are "recreational" in nature.

¶11   We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in granting summary judgment to the Vincents. Affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART